UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. |
| ) | 1:23-CR-10001-ADB |
| PATRICK BAXTER  ) | |
|     Defendant  ) | |
| ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO SEQUESTER WITNESSES**

Pursuant to Fed. R. Evid. 615, the defendant Patrick Baxter moves this Honorable Court to (1) order that witnesses be sequestered so that they cannot hear the testimony of other witnesses; (2) prohibit witnesses, including law enforcement witnesses, from discussing their testimony with other witnesses during the pendency of trial; (3) apply the sequestration order to all government law enforcement agents; and (4) bar any government case agent who may testify from sitting with prosecutors at counsel table.

Rule 615 of the Federal Rules of Evidence provides that the Court, at the request of a party, must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:

(a) A party who is a natural person;

(b) An officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;

(c) A person whose presence a party shows to be essential to presenting the party's claim or defense; or

(d) A person authorized by statute to be present.

The purpose of the rule is "to discourage and expose fabrication, inaccuracy, and collusion." Opus 3 Ltd. V. Heritage Park, Inc., 91 F. 3d 625, 628 (4th Cir. 1996)(citations omitted). For that reason, sequestration of witnesses is often ordered as a matter of course.

While the Advisory Committee notes suggest that case agents may sit at counsel table as designated representatives of the government as a party, constitutional due process concerns require that any agent who may testify present at counsel table. The First Circuit has noted that "law enforcement officials wear an invisible cloak of credibility by virtue of their position; to make it explicit may too easily tip the

scales." <u>Patriarca v. United States,</u> 402 F. 2d 314, 321 (1st Cir. 1968)(finding that the government attorney vouched for police and other witnesses).

A courtroom setup that imbues a witness with the imprimatur of the government is inherently prejudicial and requires that any testifying agents be excluded from counsel table. *See* <u>United States v. Anagnos,</u> F.2d 1, 4(1st Cir. 1988) (noting that "[a] witness who sits side by side with counsel would seem implicitly vouched for.").

There is no compelling reason for a testifying case agent to sit at counsel table. To allow a testifying agent to sit at counsel table, receive the imprimatur of the government, and testify against the defendant would be a violation of the defendant's right to due process and a fair trial.

WHEREFORE, for the foregoing reasons, Mr. Baxter respectfully requests this Court to grant his motion *in limine* to sequester witness and to exclude any testifying case agent(s) from sitting at counsel table.

                                        Respectfully Submitted
                                        For the Defendant,
                                        Patrick Baxter,

                                        /s/ Joseph B. Simons
                                        Joseph B. Simons, Esq.
                                        Natalie Sreca, Esq.
                                        Simons Law Office
                                        10 Post Office Square, Suite 800
                                        Boston, MA  02109
                                        (617) 544-9000
                                        MA BBO #684030
                                        MA BBO# 706732

Dated:  May 23, 2024

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 23, 2024.

                                        /s/ Joseph B. Simons
                                        Joseph B. Simons