UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO.  23-CR-10001-ADB |
| ) | |
| PATRICK BAXTER, ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT DESIGNED TO ELICIT JURY NULLIFICATION

The United States of America hereby moves *in limine* to preclude the defendant, Patrick Baxter, from presenting any evidence or arguing matters that may elicit or encourage jury nullification in general, and specifically regarding any potential punishment or penalties the defendant faces if convicted.  The defendant has been charged with (i) one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) and (ii) one count of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1).  On the Receipt of Child Pornography count defendant Baxter faces a mandatory minimum sentence of 5 years and maximum possible sentence of 20 years.  On the Possession of Child Pornography count, because some of the child pornography images portray children under 12 years old, defendant Baxter faces a maximum possible sentence of 20 years.

It is well-settled that a defendant in a criminal case may not encourage or suggest in any way that the jury should acquit him even though the government has met its burden of proof. *See, e.g.*, *United States v. Bunchan*, 626 F.3d 29, 34 (1st Cir. 2010) ("Neither the court nor counsel should encourage jurors to exercise their power to nullify."); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly."): *United*

1

*States v. DesMarais*, 938 F.2d 347, 350 (1st Cir. 1991) ("[I]t would [be] improper to urge the jury to nullify applicable law.").

Although juries may have the power to nullify the law, they do not have the authority to do so. *See, e.g.*, *Bunchan*, 626 F.3d at 34 ("A juror's duty is to apply the law as provided by the court."); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("The applicable rule is that, although jurors possess the raw power to set an accused free for any reason or for no reason, their duty is to apply the law as given to them by the court."); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant."); *United States v. Thomas*, 116 F.3d 606, 615 (2d Cir. 1996) (explaining that although "federal courts have long noted the de facto *power* of a jury to render general verdicts 'in the teeth of both law and facts,' . . . courts have consistently recognized that jurors have no *right* to nullify" (emphasis in original) (citations omitted)). Accordingly, district courts have an obligation to prevent defendants from pursuing lines of inquiry or argument aimed at inducing the jury to acquit for any reason other than the relevant facts and the law. *See, e.g.*, *United States v. Young*, 470 U.S. 1, 7-10 (1985) (holding that district court had duty to prevent counsel from making improper arguments to the jury, including those that are designed to "divert the jury from its duty to decide the case on the evidence"); *Sepulveda*, 15 F.3d at 1190 ("A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification."); *see also* Torresen, C.J., 2019 Revisions to Pattern Jury Instructions for the District Courts of the First Circuit, No. 1.01 (updated 10/5/12) (available at https://www.med.uscourts.gov/pdf/crpjilinks.pdf) ("You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree

with it or not.").

It also is a well-settled rule that where a jury plays no role in sentencing, it should not be made aware of a defendant's potential sentence because such information is irrelevant and could disturb the jury from its fact-finding responsibilities. *See* Fed. R. Evid. 401; *Shannon v. United States*, 512 U.S. 573, 579 (1994). In *Shannon*, the Supreme Court addressed this issue and made clear that "when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." *Id.* (citations and footnotes omitted). That case dealt with the appeal of a firearms conviction where the lower court refused to instruct the jury on the consequences its verdict. *Id.* at 577-78. In reaching the conclusion that such information was not required, the Court highlighted the critically important division of labor in our legal system between the judge and jury, explaining that "[t]he jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged," while "[t]he judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id.* at 579. Thus, the Court found, the consequences of a verdict are irrelevant to the jury's task. *Id.* Significantly, the Court also observed that providing juries with sentencing information effectively "invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id.*

The First Circuit and courts within agree. *See, e.g.*, *United States v. Maisonneuve*, 654 F. Supp. 114 (1st Cir. 1997) (citing well-settled rule against juries considering penalties when reaching their verdicts and explaining that rule applies even when a statutory mandatory minimum sentence is involved); *United States v. DiMarzo*, 80 F.3d 656, 660 (1st Cir. 1996) ("[U]nder our criminal justice system it is the jury's responsibility to determine guilt or

innocence on the basis of the facts it has found, whereas the court is responsible, among other things, for sentencing a defendant after a guilty verdict."); *United States v. Tracy*, 36 F.3d 187, 196 (1st Cir. 1994) (affirming district court's rejection of jury instruction that would have included reference to consequences of finding defendant guilty by reason of insanity).

Because here, as in the cases cited above, the jury will play no part in the defendant's sentencing should the defendant be convicted of the count in the Indictment, the mere mention of the potential sentence faced in this case is irrelevant and would serve only to invite jury nullification. The same would result from implied references to the potential consequences of a guilty verdict, such as arguments that defendant's "freedom" is in the jury's hands, that defendant is "on trial for his life," that the defendant faces a mandatory minimum sentence, or that the defendant may lose his home or job as a consequence of this offense or a guilty verdict.

    Accordingly, the United States requests that the defendant be precluded from mentioning, introducing evidence about, or making arguments regarding any potential penalty he faces if convicted or any other potential source of jury nullification.

    Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

*/s/ Jessica L. Soto*
DAVID G. TOBIN
JESSICA L. SOTO
Assistant United States Attorneys

Dated: May 23, 2024

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                */s/ Jessica L. Soto*
                                                Jessica L. Soto
                                                Assistant United States Attorney

Date:  May 23, 2024