UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 23-CR-10001-ADB |
| | ) | |
| PATRICK BAXTER, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S TRIAL BRIEF**

The United States respectfully submits this trial brief pursuant to the Court's amended pretrial order (D. 70) and in anticipation of trial. As witness preparation and trial planning is ongoing, the government reserves the right to make adjustments to its planned trial presentation.

## I. PROCEDURAL BACKGROUND

The defendant, Patrick Baxter, was charged by Complaint and arrested on December 8, 2022. (D. 1, 4). On January 5, 2023, a federal grand jury indicted defendant on one count of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) and one count of Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). (D. 15). On September 4, 2023, defendant moved pursuant to Federal Rule of Criminal Procedure 12 to suppress evidence seized during the search of his residence, on the grounds that the search violated the Fourth Amendment to the United States Constitution. The government opposed. (D. 46). This Court denied defendant Baxter's motion to suppress on October 30, 2023 (D. 51) and scheduled trial for May 13, 2024. (D. 58) The trial date was subsequently rescheduled, and the trial is currently set to begin on July 1, 2024. (D. 69).

This brief provides an overview of anticipated trial evidence as well as a discussion of certain anticipated evidentiary and legal issues that may arise at trial.

## II. ELEMENTS OF THE OFFENSES

The elements of Possession of Child Pornography, a violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), are the following:

| | |
|---|---|
| *FIRST:* | That, the defendant knowingly possessed a computer, cell phone, or electronic device; |
| *SECOND:* | That the computer, cell phone, or electronic device contained at least one image of child pornography; |
| *THIRD:* | That the defendant knew that the computer, cell phone, or electronic device contained an image of child pornography; and |
| *FOURTH:* | That the image of child pornography had been mailed, shipped, or moved in interstate or foreign commerce. |

The elements of Receipt of Child Pornography, a violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), are the following:

| | |
|---|---|
| *FIRST:* | That, the defendant knowingly received child pornography material; |
| *SECOND:* | That the material contained at least one image or video of child pornography; |
| *THIRD:* | That the defendant knew that the material contained an image or video of child pornography; |
| *FOURTH:* | That the image or video of child pornography had been mailed, shipped, or moved in interstate or foreign commerce; and |
| *FIFTH:* | That at least one of the images involved a prepubescent minor or a minor under the age of 12 years old. |

## III. EVIDENCE

Pursuant to the Court's amended pretrial order, the government has provided its witness and exhibit lists to defense counsel.

### A. Witnesses

The government anticipates calling 4 witnesses in its case-in-chief. It will call Dr. Brian

Levine as an expert in digital forensics. The government has provided the notice required by Rule 16 of the Federal Rules of Criminal Procedure. The government will also call FBI Task Force Officer (Retired) Michael Hockwater, FBI Special Agent Bryce Montoya, and FBI Task Force Officer Yu Kujita. If the parties cannot reach agreement regarding Verizon records, the government will call a Verizon Keeper of Records.

    **B. Exhibits**

The government intends to introduce several categories of evidence, including (1) 427 child pornography videos found on defendant Baxter's electronic device and an index of the entire collection, with a presentation to the jury of snippets from six videos in particular; (2) photographs taken during the search of defendant Baxter's residence; (3) two devices seized from defendant Baxter's residence; (4) law enforcement Freenet training certificates; and (5) business records of certain service providers. The government hereby provides notice to the defendant and the Court that it intends to authenticate business records pursuant to Fed. R. Evid. 902(11) by a written declaration of a qualified person.

**IV.   SUMMARY OF THE GOVERNMENT'S CASE**

This case arises from an investigation of child pornography on Freenet, a peer-to-peer network that allows users to share files anonymously. Dr. Levine is expected to testify about the mechanics of Freenet. In particular, Dr. Levine will testify that Freenet users can both upload and download files on the Freenet network. When a user uploads a file, it is broken into pieces (called blocks), which are then encrypted and stored in different places on the Freenet network. When the file is broken into blocks, the software creates a unique key that can be used to retrieve the separated blocks and download the full file. To download a file on Freenet, a user must have the unique key. Dr. Levine will also testify that the IP address of each user involved in the transfer

3

of a file is observable and there are ways for investigators to determine the requestor of a file.

The government will also call as witnesses certain law enforcement personnel that were involved in the Freenet child pornography investigation. Specifically, the government will call FBI Special Agent Bryce Montoya, former FBI TFO Michael Hockwater, and FBI TFO Yu Kujita. The government will introduce into evidence FBI TFO Hockwater and SA Montoya's Freenet training certificates.

The government expects that FBI TFO Hockwater will testify regarding the identification of defendant Baxter as a requestor of child pornography on Freenet. On three occasions in June and July 2021, law enforcement monitoring Freenet observed that a particular IP address in Melrose, Massachusetts downloaded child pornography videos from the Freenet network. With the use of administrative subpoenas, law enforcement determined that the IP address subscriber was Patrick Baxter, with a residence on Gooch Street in Melrose.

The government expects that SA Montoya will testify that based on the information provided by TFO Hockwater and other information gathered as a result, on November 2, 20221, the FBI executed a federal search warrant at defendant Baxter's residence in Melrose. SA Montoya was present for a portion of the execution of the search warrant. The government will enter into evidence photos taken during the search warrant execution. During execution of the search warrant, eight items of evidence were seized from defendant Baxter's residence. The government anticipates entering into evidence the following two seized devices: a Samsung portable Solid-State Drive ("SSD"), serial number SSTFNJ0NA08826K, and Apple computer, serial number FVFXT26EJK7G. SA Montoya will testify that the SSD was encrypted with a password and therefore agents were unable to access it during the execution of the search warrant at defendant Baxter's residence. If the parties do not enter into a stipulation of fact on the interstate commerce

4

element in both counts, SA Montoya is expected to testify that the Samsung SSD was manufactured outside of the Commonwealth of Massachusetts.

The government expects that FBI TFO Yu Kujita will testify about the seized SSD and Apple computer. Specifically, he will testify that FBI Boston was unable to decrypt the SSD and therefore they sent a copy of the SSD for further analysis to a specialized FBI Headquarters unit. TFO Kujita is expected to testify that thereafter the specialized FBI unit provided him with the password to the SSD and after he accessed the SSD with that password, he used a program to make the contents of the SSD more easily reviewable. He will testify that the SSD contained a backup of an Apple computer. The operating system information related to the Apple computer identified the Apple computer's serial number as FVFXT26EJK7G, which matches the serial number of the Apple MacBook laptop seized from defendant Baxter's residence on November 2, 2021. The backup created a copy of the Apple computer to include, among other information: images and videos, search history, and account information. Within the backup of this computer, the Apple ID username was pwbaxter@gmail.com.

The government intends to introduce into evidence the 427 videos containing child pornography identified on the SSD. The government does not intend to expose the jury to this vast collection of child pornography. Instead, as outlined in a motion *in limine*, the government will seek permission to play snippets from six of the videos containing child pornography. Five of the six snippets are right seconds in length and one snippet is 20 seconds, which includes several scenes from a 45-minute video.

The government also intends to introduce an index of the videos, which was produced by the software used to review items located on the SSD. TFO Kujita is expected to testify regarding

the relevant dates associated with the 427 videos of child pornography. This includes, but is not limited to, creation date and last viewed date.

The government expects that SA Montoya will testify that the file paths for the videos included various subject identifiers, including PTHC, PTSC, spycams, freenet\downloads, and CamWhores. He will testify based on his training and experience that PTHC stands for preteen hard core and PTSC stands for preteen soft core. He will also testify to the 427 videos of child pornography videos identified within the SSD once it was decrypted by the FBI Headquarters unit. SA Montoya will describe six of the 427 videos of child pornography. He will also testify that two of the six videos were those downloaded via Freenet in June and July 2021 by a computer with an IP address that was traced to defendant Baxter's residence.

## V.   ANTICIPATED LEGAL AND EVIDENTIARY ISSUES

### A.  *Display of Child Pornography*

The government anticipates offering evidence in its case-in-chief that constitutes child pornography and is obscene in nature. The government has filed a motion *in limine* suggesting procedures around the display of such evidence.

### B.  *Jury Nullification Arguments*

The government has filed a motion *in limine* seeking to preclude certain evidence/argument that may lend itself to jury nullification arguments, like the consequences of conviction, for example, that are not proper under well-established law. *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993); *see also United States v. Bunchan*, 626 F.3d 29, 34 (1st Cir. 2010) ("Neither the court nor counsel should encourage jurors to exercise their power to nullify.")

C. *Business Records*

The government also intends to admit certain business records pursuant to Federal Rule of Evidence 803(6). These records include Verizon subscriber information. Records kept in the course of regularly conducted business are admissible unless the opponent can establish that the records have indicia of untrustworthiness. *See, e.g.*, *United States v. Patterson*, 644 F.2d 890, 900 (1st Cir. 1981). These conventional business records fall comfortably within Rule 803(6).

D. *Special Arrangements*

The government requests that the Court designate FBI Special Agent Bryce Montoya as the case agent, and that SA Montoya be permitted to sit in the courtroom (not at counsel table) during trial, pursuant to Rule 615(b) of the Federal Rules of Evidence.

## VI. STIPULATIONS

The parties have not yet agreed to any stipulations.

## VII. PROPOSED VOIR DIRE QUESTIONS

Pursuant to the Court's amended pretrial order, the government filed its proposed voir dire questions today.

## VIII. PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's amended pretrial order, the government filed its proposed jury instructions today.

## CONCLUSION

This trial brief is meant only as a summary of the evidence that the United States intends to present at trial. It does not describe every witness who will testify at trial, every topic on which witnesses will testify at trial, nor every type of document or material the United States intends to admit at trial. The government respectfully reserves the right to call other witnesses and introduce

other documents in its case-in-chief as circumstances necessitate.

This memorandum does not exhaust all the issues that may be presented at trial. It is intended to assist the Court and present the position of the United States with respect to the above matters. If any legal issues arise that have not been covered in this trial brief, the government respectfully requests permission to file supplemental briefing.

                                                        Respectfully submitted,

                                                        JOSHUA S. LEVY
                                                        Acting United States Attorney

                                                        */s/ Jessica L. Soto*
                                                        DAVID G. TOBIN
                                                        JESSICA L. SOTO
                                                        Assistant United States Attorneys

Dated: May 23, 2024

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                    */s/ Jessica L. Soto*
                                    Jessica L. Soto
                                    Assistant United States Attorney

Date:  May 23, 2024