UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.  23-CR-10001-ADB |
| | ) | |
| PATRICK BAXTER, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S TRIAL BRIEF**

The United States respectfully submits this trial brief in anticipation of trial.  As witness preparation and trial planning is ongoing, the government reserves the right to adjust its planned trial presentation.

## I.    PROCEDURAL BACKGROUND

The defendant, Patrick Baxter, was charged initially by Complaint and arrested on December 8, 2022.  (D. 1, 4).  On January 5, 2023, a federal grand jury indicted defendant on one count of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) and one count of Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1).  (D. 15).  On September 4, 2023, defendant moved pursuant to Federal Rule of Criminal Procedure 12 to suppress evidence seized during the search of his residence, which the government opposed.  (D. 46).  This Court denied defendant Baxter's motion to suppress on October 30, 2023.  (D. 51).  On August 1, 2024, a federal grand jury returned a superseding indictment, charging defendant with one count of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), one count of Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and one count of Sexual Exploitation of Children, in violation of 18 U.S.C. §§ 2251(a) and (e).  (D. 101).   The original trial date was subsequently rescheduled, and the trial is currently set to begin on October

7, 2024.  (D. 96).

This brief provides an overview of anticipated trial evidence as well as a discussion of certain anticipated evidentiary and legal issues that may arise at trial.

## II.     ELEMENTS OF THE OFFENSES

The elements of Possession of Child Pornography, a violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), are the following:

| | |
|---|---|
| *FIRST:* | That, the defendant knowingly possessed a computer, cell phone, or electronic device; |
| *SECOND:* | That the computer, cell phone, or electronic device contained at least one image of child pornography; |
| *THIRD:* | That the defendant knew that the computer, cell phone, or electronic device contained an image of child pornography; and |
| *FOURTH:* | That the image of child pornography had been mailed, shipped, or moved in interstate or foreign commerce. |

The elements of Receipt of Child Pornography, a violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), are the following:

| | |
|---|---|
| *FIRST:* | That, the defendant knowingly received child pornography material; |
| *SECOND:* | That the material contained at least one image or video of child pornography; |
| *THIRD:* | That the defendant knew that the material contained an image or video of child pornography; |
| *FOURTH:* | That the image or video of child pornography had been mailed, shipped, or moved in interstate or foreign commerce; and |

The elements of Sexual Exploitation of Children, a violation of 18 U.S.C. §§ 2251(a) and (e), are the following:

| | |
|---|---|
| *FIRST*: | That the defendant employed, used, persuaded, induced, enticed, or coerced "Minor 1" to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct; |

2

*SECOND*:        That "Minor 1" was a minor at the time; and

*THIRD*:          That:

1. defendant knew or had reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed

OR

2. that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer

OR

3. that visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

## III.   EVIDENCE

The government provided its revised witness and exhibit lists to defense counsel on September 16, 2024.  The government asked that defense counsel share any objection to the exhibits by today's filing deadline; it has received none as of the filing of this brief.

### A. Witnesses

The government anticipates calling three witnesses in its case-in-chief.  It will call FBI Special Agent Bryce Montoya, FBI Task Force Officer (TFO) Yu Kajita, and Parent(s) of Minor A.  If the parties cannot reach agreement regarding the Verizon, Google, and Apple records, the government will call a Keeper of Records for each as part of its case-in-chief.

### B. Exhibits

The government intends to introduce several categories of evidence, including (1) over 400 child pornography videos found on defendant Baxter's Samsung Portable Solid-State Drive

("SSD") and an index of the entire collection, with a presentation to the jury of snippets from six videos in particular; (2) files from defendant Baxter's SSD that depict Minor 1, including child pornography; (3) photographs taken during the search of defendant Baxter's residence; (4) two devices seized from defendant Baxter's residence; and (5) business records of certain service providers.  The government previously notified the defendant and the Court that it intends to authenticate business records pursuant to Fed. R. Evid. 902(11) by a written declaration of a qualified person.

IV.     **SUMMARY OF THE GOVERNMENT'S CASE**

This case arises from an investigation of child pornography on Freenet, a peer-to-peer network that allows users to share files anonymously.  Freenet users can both upload and download files on the Freenet network.  When a user uploads a file, it is broken into pieces (called blocks), which are then encrypted and stored in different places on the Freenet network.  When the file is broken into blocks, the software creates a unique key that can be used to retrieve the separated blocks and download the full file.  To download a file on Freenet, a user must have the unique key.  The government alleges that defendant received child pornography from Freenet and possessed other child pornography videos.  The case also involves child pornography of Minor 1, a child known to defendant, that defendant produced.

The government will call as witnesses certain law enforcement personnel that were involved in the child pornography investigation into defendant.  Specifically, the government will call FBI Special Agent Bryce Montoya and  FBI TFO Yu Kajita.

The government expects that SA Montoya will testify that based on the information provided by an FBI lead and other information gathered as a result, on November 2, 2021, the FBI executed a federal search warrant at defendant Baxter's residence in Melrose.  SA Montoya was present for a portion of the execution of the search warrant.  The government will enter into

evidence photos taken during the search warrant execution.  During the execution of the search warrant, eight devices were seized from defendant Baxter's residence.  The government anticipates entering into evidence the following two seized devices: a Samsung portable Solid-State Drive ("SSD"), serial number SSTFNJ0NA08826K, and Apple computer, serial number FVFXT26EJK7G.  SA Montoya will testify that the SSD was encrypted with a password and therefore agents were unable to access it during the execution of the search warrant at defendant Baxter's residence.   SA Montoya will also testify about the files identified on the SSD drive once decrypted; specifically, he will testify that the SSD contained over 400 files of child pornography. He will testify that some of those child pornography videos were identified in a Freenet/download file path.  The SSD also contained files of Minor 1, including several child pornography files.  If the parties do not enter into a stipulation of fact on the interstate commerce element in both counts, SA Montoya is expected to testify that the Samsung SSD was manufactured outside of the Commonwealth of Massachusetts.

The government expects that FBI TFO Yu Kajita will testify about the seized SSD and Apple computer.  Specifically, he will testify that FBI Boston was unable to decrypt the SSD and therefore they sent a copy of the SSD for further analysis to a specialized FBI unit.  TFO Kajita is expected to testify that thereafter the specialized FBI unit provided him with the password to the SSD and after he accessed the SSD with that password, he used a program to make the contents of the SSD more easily reviewable.  He will testify that the SSD contained a backup of an Apple computer.  The operating system information related to the Apple computer identified the Apple computer's serial number as FVFXT26EJK7G, which matches the serial number of the Apple MacBook laptop seized from defendant Baxter's residence on November 2, 2021.  The backup created a copy of the Apple computer to include, among other information: images and videos,

5

search history, and account information.  Within the backup of this computer, the Apple ID username was pwbaxter@gmail.com.

The government intends to introduce into evidence 427 videos on the SSD.  The government does not intend to expose the jury to this vast collection of child pornography.  Instead, as outlined in a prior motion *in limine*, the government will admit and seek permission to play snippets from six of the videos containing child pornography.  Five of the six snippets are eight seconds in length and one snippet is 20 seconds, which includes several scenes from a 45-minute video.[1]  The government also intends to introduce an index of the videos, which was produced by the software used to review items located on the SSD.  TFO Kajita is expected to testify regarding the relevant dates associated with the videos of child pornography.  As outlined in a motion *in limine* submitted, the government will also show files of Minor 1 on the SSD that form the basis of Count Three of the Superseding Indictment.

The government expects that SA Montoya will testify that the file paths for the videos in defendant's collection included various subject identifiers, including "PTHC," PTSC," "spycams," "freenet\downloads," "downloads," and "CamWhores."  He will testify based on his training and experience that "PTHC" stands for "preteen hard core" and "PTSC" stands for "preteen soft core."  He will also testify that child pornography videos were identified within the SSD once it was decrypted by the specialized FBI unit.  SA Montoya will describe six of the over 400 videos of child pornography on the SSD.  He will also testify that three of the six videos were identified in the Freenet/downloads file path on the SSD.  TFO Kajita in turn will testify that on the SSD he identified pornographic files of Minor 1 taken on three days in Melrose, MA with an Apple iPhone XS.  Parent(s) of Minor 1 will discuss the time the family spent in Melrose, Massachusetts in July

---

[1] The government will likely present a shorter version of the 20-second snippet to the jury.

2019.  The parent(s) will also identify both Minor 1 in the files on the SSD and will identify

defendant's voice in the videos of Minor 1 on the SSD.

## V.   ANTICIPATED LEGAL AND EVIDENTIARY ISSUES

### A.  *Display of Child Pornography*

The government anticipates offering evidence in its case-in-chief that constitutes child

pornography and is obscene in nature.  The government filed a motion *in limine* suggesting

procedures around the display of such evidence.  The Court granted that motion on June 12,

2024.  (D. 91).  Today the government submits a motion *in limine* regarding the display of child

pornography and other sensitive materials involving Minor 1.

### B.  *Specific Unanimity*

The government has charged defendant with one count of Sexual Exploitation of

Children, in violation of 18 U.S.C. §§ 18 U.S.C. §§ 22521(a) and (e), based on pictures and

videos he took of Minor 1 engaged in sexually explicit conduct on multiple occasions during

July 2019.  As outlined in the motion *in limine* for Specific Unanimity Instruction filed today, a

specific unanimity instruction is appropriate and necessary here to mitigate any jury confusion or

unfair prejudice to defendant and would serve to cure any such potential issue.

### C.  *Jury Nullification Arguments*

The government filed a motion *in limine* seeking to preclude certain evidence/argument

that may lend itself to jury nullification arguments, such as the consequences of conviction, for

example, that are not proper under well-established law.  *United States v. Sepulveda*, 15 F.3d

1161, 1190 (1st Cir. 1993); *see also United States v. Bunchan*, 626 F.3d 29, 34 (1st Cir. 2010)

("Neither the court nor counsel should encourage jurors to exercise their power to nullify.")  The

Court granted that motion on May 29, 2024.  (D. 88)

D. *Business Records*

The government also intends to admit certain business records pursuant to Federal Rule of Evidence 803(6).  These records include Verizon subscriber information, Google account information, and Apple records. Records kept in the course of regularly conducted business are admissible unless the opponent can establish that the records have indicia of untrustworthiness. *See, e.g.*, *United States v. Patterson*, 644 F.2d 890, 900 (1st Cir. 1981).  These conventional business records fall comfortably within Rule 803(6).  The defendant has not taken a position on this matter.

E. *Special Arrangements*

The government requested  that the Court designate FBI Special Agent Bryce Montoya as the case agent, and that SA Montoya be permitted to sit in the courtroom (not at counsel table) during trial, pursuant to Rule 615(b) of the Federal Rules of Evidence.  The Court granted that motion on May 29, 2024.  (D. 86)

VI.    **STIPULATIONS**

The government has submitted four stipulations to defense, which remain under consideration.

VII.    **PROPOSED VOIR DIRE QUESTIONS**

Pursuant to the Court's amended pretrial order, the government filed its revised proposed voir dire questions today.

VIII.    **PROPOSED JURY INSTRUCTIONS**

Pursuant to the Court's amended pretrial order, the government filed its revised proposed jury instructions today.

## **CONCLUSION**

This trial brief is meant only as a summary of the evidence that the United States intends to present at trial.  It does not describe every witness who will testify at trial, every topic on which witnesses will testify at trial, nor every type of document or material the United States intends to admit at trial.  The government respectfully reserves the right to call other witnesses and introduce other documents in its case-in-chief as circumstances necessitate.

This memorandum does not exhaust all the issues that may be presented at trial. It is intended to assist the Court and present the position of the United States with respect to the above matters.  If any legal issues arise that have not been covered in this trial brief, the government respectfully requests permission to file supplemental briefing.

 Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

*/s/ Jessica L. Soto*
DAVID G. TOBIN
JESSICA L. SOTO
Assistant United States Attorneys

Dated: September 24, 2024

9

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Jessica L. Soto*
Jessica L. Soto
Assistant United States Attorney

Date:  September 24, 2024