UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   CRIMINAL NO.  23-CR-10001-ADB |
| | ) |
| PATRICK BAXTER, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION *IN LIMINE* FOR PROPOSED METHOD
FOR DISPLAY OF CHILD PORNOGRAPHY AND SENSITIVE MATERIAL OF
MINOR 1 AT TRIAL**

The United States of America hereby proposes procedures for the display of evidence constituting child pornography and sensitive material of Minor 1.  On January 5, 2023, a federal grand jury indicted defendant on one count of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), and one count of Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1).  (D. 15).   In anticipation of trial on those two counts, the government filed a motion *in limine* proposing procedures around the display of child pornography.  The Court granted that motion on June 12, 2024.  (D.  91).  On August 1, 2024, a federal grand jury returned a superseding indictment, charging defendant with the same counts as the original indictment (*i.e.,* Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) and Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1)) and an additional new count of Sexual Exploitation of Children, in violation of 18 U.S.C. §§ 2251(a) and (e).  (D. 101).  With respect to the 2251(a) charge, the government alleges that defendant took pictures and video of Minor 1 in July 2019 that constitute child pornography.   Today the government submits a motion *in limine* regarding the display of those materials.

1

1. The government will maintain exhibits containing child pornography and other sensitive material of Minor 1 on media (i.e., disc or thumb drive) separate from other, non-pornographic exhibits.

2. The government will use a stand-alone computer to publish the pornography and sensitive material of Minor 1 to the jury directly from a disc or thumb drive, rather than loading the images and videos into a trial director program.

3. The government will show two videos of Minor 1 to the jury; one of the videos is 6 seconds and the other is 15 seconds.

4. The government will also show images of child pornography and other sensitive material of Minor 1 to the jury.

5. Any computer or television screens facing the gallery shall either be turned off or moved so that no member of the gallery can view exhibits that include child pornography and other sensitive material of Minor 1 as they are displayed.

6. Exhibits containing child pornography or sensitive material of Minor 1 will not be loaded into JERS.  Exhibits that include child pornography and other sensitive material of Minor 1 will be submitted to deliberating jurors on a separate disc with a clean, stand-alone computer that is not network-enabled.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

*/s/ Jessica L. Soto*
DAVID G. TOBIN
JESSICA L. SOTO
Assistant United States Attorneys

Dated: September 24, 2024

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Jessica L. Soto*
Jessica L. Soto
Assistant United States Attorney

Date:  September 24, 2024