UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                    ) | CRIMINAL NO. 23-CR-10001-ADB |
| ) | |
| PATRICK BAXTER,       ) | |
| ) | |
| Defendant.        ) | |

**MOTION *IN LIMINE* FOR PROPOSED SPECIFIC UNANIMITY INSTRUCTION**

The United States of America makes this motion for a specific unanimity instruction as to Count Three of the Superseding Indictment. The Superseding Indictment, filed on August 1, 2024, charges defendant with one count of violating 18 U.S.C. §§ 2251(a) and (e) (Sexual Exploitation of Children) based on conduct that allegedly occurred on various dates in or about July 2019. ECF No. 101. At trial, the government will argue that defendant violated 18 U.S.C. §§ 2251(a) and (e) by taking multiple pictures and video of Minor 1 that constitute child pornography over the course of July 2019 when the Minor 1 and the Minor's family were staying at defendant's former residence in Melrose, Massachusetts.

The proper unit of prosecution of 18 U.S.C. § 2251(a) is each file depicting a victim engaged in sexually explicit conduct. *See United States v. Smith*, 919 F.3d 1, 5 & 16 (1st Cir. 2019) (holding that indictment charging defendant with six counts under 18 U.S.C. § 2251(a) was not multiplicitous because the defendant created six separate videos depicting discrete sexual acts and proper unit of prosecution was image/video); *see also United States v. Orlandella*, 96 F.4th 71, 93 (1st Cir. 2024) (citing *Smith*, 919 F.3d at 5 in acknowledging each image as proper unit of prosecution of 18 U.S.C. § 2251(a) and upholding conviction on plain error review, which applied because defense did not object to general unanimity instruction

where single § 2251 count encompassed three images of same minor victim).

Duplicity occurs when an indictment combines two or more distinct crimes into one count. Fed. Rule Crim. P. 12(b)(3)(B)(i). *See also*, *e.g.*, *United States v. Sibley*, 681 Fed. Appx. 457, 459 (6th Cir. 2017) (rejecting duplicity claim in § 2251 case on plain error review). A challenge to the indictment on such grounds must be made before trial. Fed. Rule Crim. P. 12(b)(3)(B)(i). The defendant has not so moved. The government's charging here—*i.e.*, lodging one count of § 2251 encompassing conduct over a span of time rather than several counts of § 2251 charging individual images/videos depicting the sexual exploitation of Minor A—inures to the defendant's benefit in various ways. Most tangibly, conviction on each charged violation of 18 U.S.C. § 2251(a) carries a 15-year mandatory minimum sentence and a maximum penalty of 30 years, as well as special assessments pursuant to 18 U.S.C. §§ 2259A (up to $50,000 per count), 3013 ($100 per count), and 3014 ($5,000 per count). Proceeding on one count *total* rather than one count *per image/video* created by the defendant markedly limits the defendant's exposure, capping the maximum penalty for this conduct at 30 years rather than, essentially, life.

Courts have found that a specific unanimity instruction can cure potential jury confusion issues in scenarios like this one. For example, in *United States v. Karani*, 984 F. 3d 163 (1st Cir. 2021), the First Circuit observed that the remedy for an indictment with potential duplicity is "a specific unanimity instruction to ensure that the jury understands that its verdict must be unanimous as to which instance of the alleged statutory violation resulted in a crime." *Id.* at 181. *See also United States v. Smith*, 910 F.3d 1047, 1053 (8th Cir. 2018) (in finding no risk of unfair duplicity, the court reasoned that the jury instructions included a "unanimity instruction, separate instructions for receipt and possession that told the jury it must unanimously agree that particular visual depictions were received and possessed, and a separate instruction accurately defining the

elements of unlawful attempt"); *United States v. Nattier*, 127 F.3d 655, 657 (8th Cir. 1997) ("The risk inherent in a duplicitous count . . . may be cured by a limiting instruction requiring the jury to unanimously find the defendant guilty of at least one distinct act."); *United States v. Trammell*, 133 F.3d 1343, 1354-55 (10th Cir. 1998) ("'One cure for an otherwise duplicitous indictment is to give an augmented instruction requiring unanimity on one or the other of the acts charged within a count that otherwise appear to constitute separate offenses.'") (citation omitted).  Here, the government has proposed an instruction that directs the jury that, to find the defendant guilty of Count Three, it must unanimously agree that the government has proved the elements of Sexual Exploitation of Children beyond a reasonable doubt as to one specific image (*i.e.,* one photograph or video) of Minor 1.  Such an instruction is sufficient to mitigate any confusion or unfair prejudice to the defendant presented by the charging language of the indictment.

The Court could also, or in the alternative, employ a specific verdict form that requires the jury to indicate which exhibits they unanimously found to violate 18 U.S.C. §§ 2251(a) and (e).  For the foregoing reasons, the government asks that the Court provide the jury with a specific unanimity instruction as to Count Three.

                                              Respectfully submitted,

                                              JOSHUA S. LEVY
                                              Acting United States Attorney

                                              */s/ Jessica L. Soto*
                                              DAVID G. TOBIN
                                              JESSICA L. SOTO
                                              Assistant United States Attorneys

Dated: September 24, 2024

**CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                 */s/ Jessica L. Soto*
                                                 Jessica L. Soto
                                                 Assistant United States Attorney

Date:  September 24, 2024