UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.  23-CR-10001-ADB |
| | ) | |
| PATRICK BAXTER, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S REQUESTED QUESTIONS FOR THE JURY VENIRE

The government proposes that, in addition to those questions routinely asked of prospective jurors by this Court, the following questions be asked of the prospective jurors in this case.

The Superseding Indictment in this case charges the defendant, Patrick Baxter, with three federal criminal offenses.  Count One of the Superseding Indictment charges that on or about November 2, 2021, in the District of Massachusetts, the defendant knowingly possessed material that contained one and more images of child pornography, that involved a prepubescent minor and a minor who had not attained 12 years of age, and that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.  This offense is often referred to as possession of child pornography.

Count Two of the Superseding Indictment charges that on various dates on or about June 4, 2021 and on or about July 2, 2021, in the District of Massachusetts, the defendant knowingly received any child pornography, as defined in Title 18, United States Code, Section 2256(8), that

1

had been mailed, and using any means and facility of interstate and foreign commerce and had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.   This offense is often referred to as receipt of child pornography.

Count Three of the Superseding Indictment charges that on various dates in or about July 2019, in the District of Massachusetts, the defendant employed, used, persuaded, induced, enticed, or coerced Minor 1 to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct and that the depiction was produced using materials that had been mailed, shipped or transported in or affecting interstate or foreign commerce by any means; or the defendant knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce; or the visual depictions were actually transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.   All this in violation of 18 U.S.C. §§ 18 U.S.C. §§ 22521(a) and (e).   This offense is often referred to as production of child pornography.

## Proposed Questions to the Venire

1. Parties and Witnesses

    (a) Do any of you know the defendant?

    (b) Do any of you know either of the attorneys for the defendant?

    (c) Do any of you know either of the attorneys for the United States of America?

      (d) I will read the names of persons who may appear as witnesses. Please advise me, after their names have been read, whether you know them or have any acquaintance with them.

2. Are you aware of any prejudice that you may have against the federal government, the Federal Bureau of Investigations ("FBI") or the Brookline Police Department that would in any way impair your ability to evaluate and judge fairly and impartially the facts of this case?

3. Witnesses expected to be called by the United States at trial include an FBI Special Agent and an FBI Task Force Officer from the Brookline Police Department. As witnesses they may be called to give opinions as to certain matters in this case calling for specialized knowledge and skill involving forensic examination, interstate nexus element, and possibly other investigative practices. Are you aware of any prejudice that you might have for or against a witness or other individual in this case where that witness or individual is shown to be a law enforcement officer?

4. The United States of America is one of the litigants in this trial. You will hear the United States referred to throughout the trial as "the government." Have you, or any member of your immediate family, or anyone with whom you are close:

      (a) ever been involved in a criminal case as a victim, a witness, or a person charged with a crime?

      (b) ever been accused, charged or convicted of any sexual offense or sexual impropriety?

      (c) ever engaged in litigation with the federal government; that is, ever filed a claim, a complaint, or a lawsuit against the United States or any of its

          agencies, officers, or employees, or answered some charge or claim made against you by the federal government?

    (d) ever been employed by the United States Attorney's Office, the FBI, or the Brookline Police Department?

    (e) ever had any involvement, of any sort, other than a routine traffic matter, with the FBI or the Brookline Police Department?

    (f) ever been treated unfairly by any police officer or other law enforcement personnel?

    (g) ever have any experience, favorable or unfavorable, with the FBI or Brookline Police Department or any other Government agency that might influence your consideration of this case?

    (h) ever served on a jury before?

If yes to any of the above, would that experience make it difficult for you now to serve as a fair and impartial juror?

5. Are you, a family member, or someone close to you involved in the criminal justice system as a prosecutor, a defense attorney, or an employee of either a prosecutor or defense attorney?

6. Do you have any difficulty hearing, understanding or reading English?

7. Do you have a medical condition, or any physical disability, that would make it difficult for you to sit through the trial of this case or to hear and view the evidence presented to you?

8. Is there any reason you cannot be fair and impartial in evaluating whether the defendant, Patrick Baxter, is guilty of a crime?

9. Is there any reason you could not be fair and impartial in evaluating the testimony of law enforcement witnesses in this case?

10. Have you or any of your relatives or close friends ever had any experience with a person who has engaged in criminal sexual activity with or involving a child that might in any way affect your judgment in this case?

11. Have you, a family member, or a close friend ever been a victim of any form of sexual abuse, either as a child or adult, and if so would that in any way affect your ability to be a fair and impartial juror in this case?

12. Do any of you object to the fact that there is no right under the First Amendment to the United States Constitution to possess images or videos of child pornography, that is, visual depictions of minors (children less than 18 years of age) engaging in sexually explicit conduct?

13. Defendant Patrick Baxter has been charged in this case with Receipt, Possession, and Production of Child Pornography.  Is there anything about the nature of the charges or the type of offenses with which the defendant is charged that would in any way affect your ability to sit as a fair and impartial juror?

14. It is anticipated that the evidence in this case may consist of graphic descriptions of sexually explicit conduct involving minor children and potentially graphic images and videos of such conduct.  Would being exposed to such descriptions or material make you too uncomfortable to allow you to sit as a juror in this case?

15. Do you belong to any group that encourages, advocates, or condones sexual relations between adults and children who are less than 18 years of age?

16. Do you subscribe to any publication that encourages, endorses, or recommends sexual relations between adults and children who are less than 18 years of age?

17. Do any of you have a background in computer programming, computer science, systems administration, or forensic computer examination?

18. Have you read or heard anything about this case or the defendant, Patrick Baxter, from any source whatsoever, including newspapers, television, radio, or online?  If so, have you formed an impression or opinion as to the merits of this case that would prevent you from maintaining an open, impartial mind until all of the evidence is in and the instructions of the Court are given?

19. If you are a regular viewer of television shows and movies about police work, forensic evidence, or the criminal justice system, will you be able to put aside what you have seen on those shows and base your verdict solely on the evidence?[1]

20. Are you aware of any beliefs, feelings or prejudices that would prevent you from completely and honestly applying the law, as I give it to you at the end of the case, to the facts as you find them?

---

[1] See United States v. Fields, 483 F.3d 313, 355 & n.39 (5th Cir. 2007) ("The CSI Effect" is a term that legal authorities and the mass media have coined to describe a supposed influence that watching the television show CSI: Crime Scene Investigation has on juror behavior.  Some have claimed that jurors who see the high-quality forensic evidence presented on CSI raise their standards in real trials, in which actual evidence is typically more flawed and uncertain), citing Tom R. Taylor, Viewing CSI and the Threshold of Guilt: Managing Truth and Justice in Reality and Fiction, 115 Yale L.J. 1050, 1050 (Mar.2006) (author concludes existence of a "CSI effect" plausible but not yet proven empirically).  Accord United States v. Hendrix, 509 F.3d 362, 369-372 (7th Cir. 2007) (court rejected Batson challenge where prosecutor said that prospective juror was "one of those CSI guys"); United States v. Harrington, 204 Fed. Appx. 784, 788-789 (11th Cir. 2006) (district court discussion of CSI and statement to jury that there may not be "CSI evidence" presented to them properly told jurors that defendant could only be convicted "based on evidence presented in court"); Shelton, et al., "A Study and Juror Expectations and Demands Concerning Scientific Evidence: Does the CSI Effect Exist?", http://law.vanderbilt.edu/journals/jetl/articles/vol9no2/Shelton.pdf ) (concluding that the law must become better at explaining why such evidence is not forthcoming).

21. The issue of punishment were the defendant to be convicted of a crime is for the Court and the Court alone. Will you be able to put those issues to the side and perform your duties as a juror without any consideration of sentencing issues?

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

*/s/ Jessica L. Soto*
DAVID G. TOBIN
JESSICA L. SOTO
Assistant United States Attorneys

Dated: September 24, 2024

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Jessica L. Soto*
Jessica L. Soto
Assistant United States Attorney

Date:   September 24, 2024