**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.   23-CR-10001-ADB |
| | ) | |
| PATRICK BAXTER, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

The United States of America submits the enclosed jury instructions pursuant to Rule 30 of the Federal Rules of Criminal Procedure.   The government reserves its right to supplement or modify these requested instructions in light of the requests, if any, filed by the defendant and the evidence in the case.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

*/s/ Jessica L. Soto*
David G. Tobin
Jessica L. Soto
Assistant United States Attorneys

Dated: September 24, 2024

# <u>TABLE OF CONTENTS</u>

Duties of the Jury ...........................................................................................................4

Nature of Superseding Indictment -- Presumption of Innocence.....................................5

Preliminary Statement of Elements of Crime………………………………………..7

Evidence; Objections; Rulings; Bench Conferences ......................................................9

Credibility of Witnesses………………………………………………………………11

Conduct of the Jury………………………………………………………………....12

Note-taking .....................................................................................................................14

Outline of the Trial..........................................................................................................15

Stipulations .....................................................................................................................17

Variance -- Dates ............................................................................................................18

Use Conjunctive - Disjunctive …………………………………………………………19

Reasonable Consideration................................................................................................20

Burden of Proof………………………………………………………………………21

Motive…………………………………………………………………………………22

Duty Of The Jury To Find Facts And Follow Law……………………………………23

Presumption Of Innocence; Proof Beyond A Reasonable Doubt………………………24

Defendant's Constitutional Right Not To Testify………………………………………26

What Is Evidence; Inferences…………………………………………………………27

What Is Not Evidence…………………………………………………………………28

Direct And Circumstantial Evidence…………………………………………………30

Count One: Possession of Child Pornography …………………..……………………32

ii

Count Two: Receipt of Child Pornography…………………..……………………………33

Count Three: Sexual Exploitation of Children…………………………………………...34

Definition of "Knowingly"……………………………………………………………...35

Definition of "Possession"…………..…………………………………………………...36

Definition of "Receipt"…………………………………………………………………...37

Definition of "Sexual Exploitation of Children"……………………………………...38

Definitions Of Child Pornography………………………………………………...………39

Definition Of Minor…………………………………………………………….…...…...41

Internet/Interstate Commerce………………………………………………….…...……42

Preparing Witnesses…………………………………………………………….…...…...45

Failure to Call a Witness………………………………………………………….…...…46

Submitting the Superseding Indictment…………………………………….…...……...47

Punishment………………………………………………………………...……...……...48

Foreperson's Role; Unanimity…………………………………………………………...49

Specific Unanimity……………………………………………………………………...50

Consideration of Evidence……………………………………………………………...51

Reaching Agreement……………………………………………………………………...52

Return of Verdict Form…………………………………………………………………...53

Communication with the Court………………………………………………….…...…...54

**PROPOSED INSTRUCTION**

**(DUTIES OF THE JURY)**

Members of the Jury:   You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.   At the end of the trial I will give you more detailed instructions.   Those instructions will control your deliberations.   It will be your duty to decide from the evidence what the facts are.   You, and you alone, are the judges of the facts.   You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you.   That is how you will reach your verdict.   In doing so you must follow that law whether you agree with it or not.   The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases, §1.01 (1998, updated 2012, revised 2015).

**PROPOSED INSTRUCTION**

**(NATURE OF SUPERSEDING INDICTMENT -- PRESUMPTION OF INNOCENCE)**

This criminal case has been brought by the United States government.   I will sometimes refer to the government as the prosecution.   The government is represented at this trial by Assistant United States Attorneys David Tobin and Jessica Soto.   The defendant, Patrick Baxter, is represented by his lawyers, Joseph Simons and Natalie Sreca.

**[Read the Superseding Indictment]**

The defendant has been charged by the government with violations of federal law. Count One of the Superseding Indictment charges the defendant with violating Sections 2252A(a)(5)(B) and (b)(2) of Title 18 of the United States Code.   This is a criminal statute that provides that it is unlawful for any person to knowingly possess any child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.   The date of offense listed in the Indictment for Count One is on or about November 2, 2021, in the District of Massachusetts.

Count Two of the Superseding Indictment charges the defendant with violating Sections 2252A(a)(2)(A) and (b)(1) of Title 18 of the United States Code.   This is a criminal statute that provides that it is unlawful for any person to knowingly receive any child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.   The date of offense listed in the Superseding Indictment for Count Two is on various dates between on or about June 4, 2021 and on or about July 2, 2021, in the District of Massachusetts.

Count Three of the Superseding Indictment charges the defendant with violating Sections 2251(a) and (e) of Title 18 of the United States Code.   This is a criminal statute that provides that it is unlawful for any person to employ, use, persuade, induce, entice, or coerce a minor to engaged in sexually explicit conduct for the purpose of producing any visual depiction of such conduct and knew or had reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction had actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.   The date of offense listed in the Superseding Indictment for Count Three is on various dates in or about July 2019, in the District of Massachusetts.

The charges against the defendant are contained in the Superseding Indictment.   The Superseding Indictment is simply a description of the charges against the defendant; it is not evidence of anything.   The defendant pleaded not guilty to the charges and denies committing the crimes.   He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases, §1.02 (2015); see also United States v. Martinez-Vives, 475 F.3d 48, 52 n.3 (1st Cir. 2007) ("[W]e note that judges should be scrupulous in avoiding any possibility of inference that allegations in the indictment be treated as facts.")

## PROPOSED INSTRUCTION

## (PRELIMINARY STATEMENT OF ELEMENTS OF CRIMES)

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to make its case:

First, the defendant is charged with knowingly possessing child pornography.    The elements of this crime are that (1) the Defendant knowingly possessed an electronic device; (2) the electronic device contained at least one image of child pornography; (3) the Defendant knew that the electronic device contained an image of child pornography; (4) the image of child pornography had been mailed or moved in interstate or foreign commerce; and (5) that at least one of the images involved a prepubescent minor or a minor under the age of 12 years old.

Second, the defendant is charged with knowingly receiving child pornography. The elements of this crime are that (1) the Defendant knowingly received the material; (2) the material contained at least one image of child pornography; (3) the Defendant knew that the material contained an image of child pornography; and (4) the image of child pornography had been mailed or moved in interstate or foreign commerce.

You should understand, however, that what I have just given you is only a preliminary outline.   At the end of the trial, I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

Third, the defendant is charged with sexual exploitation of children.   The elements of this crime are that (1) the defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct; (2) the defendant acted with the purpose of

producing a visual depiction of such conduct; and (3) the defendant (a) knew or had reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, (b) that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or (c) that visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases, §1.04 (2015).

## PROPOSED INSTRUCTION

## (EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES)

I have mentioned the word "evidence."   Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence.   When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.   This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess.   Please understand that while you are waiting, we are working.   The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.   We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence.   I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence.   Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.   You should not be influenced by the objection.   If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.   If I overrule the

objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.   That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases, §1.05 (2015).

**PROPOSED INSTRUCTION**

**(CREDIBILITY OF WITNESSES)**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.   You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following:   (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases, §1.06 (2015).

**PROPOSED INSTRUCTION**

**(CONDUCT OF THE JURY)**

To ensure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended, and you have been discharged as jurors.   "Anyone else" includes members of your family and your friends.   You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.   If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them.   It is important not only that you do justice in this case, but that you also give the appearance of doing justice.   If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused.   If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

12

Sixth, do not do any research on the internet about anything in the case or consult blogs or dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, do not discuss the case or anyone involved with it, or your status as a juror on any social media or look up any of the participants there;

Eighth, if you need to communicate with me simply give a signed note to the [court security officer] to give to me; and

Ninth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.   Keep an open mind until then.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases, §1.07 (2015).

**PROPOSED INSTRUCTION**

**(NOTE-TAKING)**

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use.   I want to give you a couple of warnings about taking notes, however.   First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented.   If you would prefer not to take notes at all but simply to listen, please feel free to do so.   Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court.   Instead, it is your collective memory that must control as you deliberate upon the verdict.   Please take your notes to the jury room at every recess.   I will have the courtroom deputy collect them at the end of each day and place them in the vault.   They will then be returned to you the next morning. When the case is over, your notes will be destroyed.   These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u>, §1.08 (2015).

## PROPOSED INSTRUCTION

## (OUTLINE OF THE TRIAL)

The first step in the trial will be the opening statements.   The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the Superseding Indictment is not evidence, neither is the opening statement evidence.   Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorneys may, if they choose, make an opening statement.   At this point in the trial, no evidence has been offered by either side.

Next, the government will offer evidence that it says will support the charges against the defendant.   The government's evidence in this case will consist of the testimony of witnesses and may include documents and other exhibits.   In a moment I will say more about the nature of evidence.

After the government's evidence, the defendant's lawyers may present evidence in the defendant's behalf, but they are not required to do so.   I remind you that the defendant is presumed innocent, and the government must prove the guilt of the defendant beyond a reasonable doubt.   The defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments. I just told you that the opening statements by the lawyers are not evidence.   The same applies to the closing arguments.   They are not evidence

either.   In their closing arguments, the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions.   Your deliberations will be secret.   You will never have to explain your verdict to anyone.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases, §1.09 (2015).

## PROPOSED INSTRUCTION

## (STIPULATIONS)

The evidence in this case includes facts to which the lawyers have agreed or stipulated.

A stipulation means simply that the government and the defendant accept the truth of a particular

proposition or fact.   Since there is no disagreement, there is no need for evidence apart from the

stipulation.   You must accept the stipulation as fact to be given whatever weight you choose.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit,</u>
<u>Criminal Cases,</u> §2.01 (2015).

## PROPOSED INSTRUCTION

## (VARIANCE – DATES)

You will note that Count One of the Superseding Indictment charges that the offense occurred "on or about November 2, 2021," Count Two of the Superseding Indictment charges that the offense occurred "on various dates between on or about June 4, 2021 and on or about July 2, 2021", and Count Three of the Superseding Indictment charges that the offense occurred "on various dates in or about July 2019."   It does not matter if the Superseding Indictment charges that specific acts occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date.   The law only requires a substantial similarity between the dates alleged in the Superseding Indictment and the date established by testimony or exhibits.

L. B. Sand, Modern Federal Jury Instructions: Criminal, 3-12 (1990).   United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 949 (1974).

**PROPOSED INSTRUCTION**

**(USE OF CONJUNCTIVE – DISJUNCTIVE)**

The counts of the Superseding Indictment may accuse the defendant of violating the same statute in more than one way.   In other words, the Superseding Indictment may allege that the statutes in question were violated by various acts which are in the Superseding Indictment joined by the conjunctive "and," while the statute and the elements of the offense are stated in the disjunctive, using the word "or."   In these instances, it is sufficient for a finding of guilt if the evidence established beyond a reasonable doubt the violation of the statute by any one of the acts charged.   In order for you to return a guilty verdict, however, you must unanimously agree that the same act has been proven.

See United States v. Garcia-Torres, 341 F.3d 61, 66 (1st Cir. 2003)("where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means. . . ").

19

**PROPOSED INSTRUCTION**

**(REASONABLE CONSIDERATION)**

In coming to your decision, you should consider the evidence the same way all reasonable persons would treat any question presented to them.   You are expected to use your good sense, consider the evidence in the case for only those purposes for which it has been admitted, and give it a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings.

Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §15.01 (3d ed. 1977).

## PROPOSED INSTRUCTION

## (BURDEN OF PROOF)

In this, as in every criminal case, the government has the burden of proving the defendant guilty of every essential element of the offenses charged beyond a reasonable doubt.   The government is not required, however, to prove the defendant guilty beyond all possible doubt. Nor must the government exclude every reasonable hypothesis of innocence so long as the total evidence permits a conclusion of guilt beyond a reasonable doubt.

The burden of proof never shifts during trial.   The law does not require a defendant to prove his innocence or to produce any evidence.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions First Circuit, Criminal Cases, §3.02 (2015).   Also, see, United States v. Gibson, 726 F.2d 869, 874 (1st Cir. 1984). United States v. Thornley, 707 F.2d 622, 625 (1st Cir. 1983).

## PROPOSED INSTRUCTION

## (MOTIVE)

The question of whether someone committed an act knowingly or intentionally should never be confused with the motivation for the act.   Motive is what prompts a person to act or fail to act.   The concept of motive is different than the concept of knowledge or intent.   Intent and knowledge refer only to the state of mind with which the act is done or omitted.

The government is never required to prove motive.   In addition, good motive, if any, is never a defense where the act done or omitted is a crime.   For purposes of determining innocence or guilt, therefore, the motive of a defendant is immaterial except insofar as evidence of motive may aid in the determination of his state of mind or his intent.

1 Devitt, Blackmar, Wolff, and O'Malley, Federal Jury Practice and Instructions, §17.06 (4th ed. 1992); United States v. Payne, 83 F.3d 346, 347 (10th Cir. 1996) (carjacker's motive for stealing car irrelevant).

**PROPOSED INSTRUCTION**

**(DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW)**

It is your duty to find the facts from all the evidence admitted in this case.   To those facts you must apply the law as I give it to you.   The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.   You must not be influenced by any personal likes or dislikes, prejudices or sympathy.   That means that you must decide the case solely on the evidence before you and according to the law.   You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.   You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return— that is a matter entirely for you to decide.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u>, §3.01 (2015).

## PROPOSED INSTRUCTION

## (PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT)

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt.   The presumption is not a mere formality.   It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant.   The defendant before you, Patrick Baxter, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt.   It is a heavy burden, but the law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.   This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.   The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to find him not guilty of that crime.   On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should find him guilty of that crime.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u>, §3.02 (2015).

**PROPOSED INSTRUCTION**

**(DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY)**

The defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify.   For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u>, §3.03 (2015).

**PROPOSED INSTRUCTION**

**(WHAT IS EVIDENCE; INFERENCES)**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated.   A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.   Because there is no disagreement, there is no need for evidence apart from the stipulation.   You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.   In other words, you are not limited solely to what you see and hear as the witnesses testify.   You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases, §3.04 (2015).

## PROPOSED INSTRUCTION

### (WHAT IS NOT EVIDENCE)

Certain things are not evidence.   I will list them for you:

1. Arguments and statements by lawyers are not evidence.   The lawyers are not witnesses.   What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.   If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence.   Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.   You should not be influenced by the objection or by my ruling on it.

3. Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.   You must not consider such items.

4. Anything you may have seen or heard when the court was not in session is not evidence.   You are to decide the case solely on the evidence received at trial.

5. The Superseding Indictment is not evidence.   This case, like most criminal cases, began with an indictment and then there was another indictment with an additional charge, which we refer to as a Superseding Indictment.   You will have the Superseding Indictment before you in the course of your deliberations in the jury room.   That Superseding Indictment was returned by a grand jury, which heard only the government's side of the case.   I caution you, as I have before, that the fact that the defendant has had an Superseding Indictment filed against him is no evidence whatsoever of his guilt.   The Superseding Indictment is simply an accusation.   It is the means by which the allegations and charges of the government are brought before this court. The Superseding Indictment proves nothing.

28

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u>, §3.08 (2015).

**PROPOSED INSTRUCTION**

**(DIRECT AND CIRCUMSTANTIAL EVIDENCE)**

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

One type of evidence is called direct evidence.   Direct evidence is where a witness testifies to what he saw, heard or observed.   In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses -- what he sees, feels, touches or hears -- that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.   There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining, and it was a nice day.   Assume that the courtroom blinds were drawn, and you could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining.   So you have no direct evidence of that fact.   But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.   Inferences are deductions on conclusions which reason and common sense lead you to draw from the facts as established by the evidence.

That is all there is to circumstantial evidence.   You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

30

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.   In reaching your verdict it is permissible to draw and rely upon inferences from the evidence.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases, §3.05 (2015); L.B. Sand, Modern Federal Jury Instruction:   Criminal, ¶5-2 (1990).

**PROPOSED INSTRUCTION**

**(POSSESSION OF CHILD PORNOGRAPHY)**

The defendant is accused of knowingly possessing any material that contained one or more images of child pornography, that involved a prepubescent minor or a minor who had not attained 12 years of age, and that had been mailed or shipped or transported using any means and facility of interstate and foreign commerce and in or affecting interstate or foreign commerce by any means, including by computer; or that was produced using materials that had been mailed, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

| | |
|---|---|
| **FIRST:** | That the defendant knowingly possessed an electronic device; |
| **SECOND:** | That the electronic device contained at least one image of child pornography; |
| **THIRD:** | That the defendant knew that the electronic device contained an image of child pornography; and |
| **FOURTH:** | That the image of child pornography had been mailed, shipped, or moved in interstate or foreign commerce. |

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases, §2.15 (2015); Torresen 2023 Pattern Instructions No. 4.18.2252. *See also* 18 U.S.C. §§ 2256 and 2256(8)(A).

**PROPOSED INSTRUCTION**

**(RECEIPT OF CHILD PORNOGRAPHY)**

The defendant is also accused of knowingly receiving child pornography that had been mailed or shipped or transported using any means and facility of interstate and foreign commerce and in or affecting interstate or foreign commerce by any means, including by computer; or that was produced using materials that had been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer. It is against federal law to receive child pornography that has been mailed, shipped, or moved in interstate or foreign commerce.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

| | |
|---|---|
| **FIRST:** | That, the defendant knowingly received child pornography material; |
| **SECOND:** | That the material contained at least one image or video of child pornography; |
| **THIRD:** | That the defendant knew that the material contained an image or video of child pornography; and |
| **FOURTH:** | That the image or video of child pornography had been mailed, shipped, or moved in interstate or foreign commerce. |

Adapted from Torresen 2023 Pattern Instructions No. 4.18.2252.   *See also* 18 U.S.C. §§ 2256 and 2256(8)(A).

## PROPOSED INSTRUCTION

## (SEXUAL EXPLOITATION OF CHILDREN)

The defendant is also accused of sexual exploitation of children, which is sometimes known as production of child pornography.   For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

**FIRST:** That the Defendant employed, used, persuaded, induced, enticed, or coerced "Minor 1" to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

**SECOND:** That "Minor 1" was a minor at the time; and

**THIRD:** That:

a) Defendant knew or had reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed

OR

b) that visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer

OR

c) that visual depiction had actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

*See* 18 U.S.C. §2251(a).

34

**PROPOSED INSTRUCTION**

**(DEFINITION OF "KNOWINGLY")**

The word "knowingly," as that term has been used from time to time in these

instructions, means that the act was done voluntarily and intentionally and not because of

mistake or accident.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit,</u>
<u>Criminal Cases</u>, §2.15 (2015); Torresen 2023 Pattern Instructions No. 4.18.2252.

35

**PROPOSED INSTRUCTION**

**(DEFINITION OF POSSESSION)**

"Possess" means to exercise authority, dominion, or control over something.  The law recognizes different kinds of possession.  "Possession" includes both actual and constructive possession.  A person who has direct physical control of something on or around his person is then in actual possession of it.  A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it.  For example, you may have left your reading glasses on your nightstand, although you do not have actual possession of the reading glasses as you sit here today, you do have constructive possession of the reading glasses.  Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u>, §2.15 (2015); Torresen 2023 Pattern Instructions No. 4.18.2252.   Suggested example provided by the government.

**PROPOSED INSTRUCTION**

**(DEFINITION OF RECEIPT)**

To "receive" something simply means knowingly to accept or take possession of

something.   Receipt does not require proof of ownership.   Receipt can be actual or constructive.

Modern Federal Jury Instructions-Criminal, Fifth Circuit 2.85D (2023)

## PROPOSED INSTRUCTION

## (DEFINITION OF SEXUALLY EXPLICIT CONDUCT)

"Sexually explicit conduct" includes any one of the following five categories of conduct, whether actual or simulated: (1) sexual intercourse, including genital-genital, oral-genital, anal-genital or oral-anal, whether between persons of the same or opposite sex; (2) bestiality; (3) masturbation; (4) sadistic or masochistic abuse; or (5) lascivious exhibition of the genital or pubic area of any person.

Whether an image of the genitals or pubic area constitutes a "lascivious exhibition" requires a consideration of the overall content of the material.   In considering the overall content of the image, you may, but are not required to, consider the following factors: (1) whether the genitals or pubic area are the focal point of the image; (2) whether the setting of the image is sexually suggestive, for example, a location generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose or inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the image suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the image appears intended or designed to elicit a sexual response in the viewer.   An image need not involve all of these factors to constitute a "lascivious exhibition."

Torresen 2023 Pattern Instructions No. 4.18.2252.

**PROPOSED INSTRUCTION**

**(DEFINITION OF CHILD PORNOGRAPHY)**

Child Pornography is any photograph, video, picture, or computer image of sexually explicit conduct that was produced by using an actual person under age 18 engaging in sexually explicit conduct.

Sexually explicit conduct includes any *one* of the following categories of conduct, whether actual or simulated:   (1) sexual intercourse, including genital-genital, oral-genital, anal-genital or oral-anal, whether between persons of the same or opposite sex; (2) bestiality; (3) masturbation; (4) sadistic or masochistic abuse; or (5) lascivious exhibition of the genital or pubic area of any person.

Whether an image of the genitals or pubic area constitutes a "lascivious exhibition" requires a consideration of the overall content of the material.   In considering the overall content of the image, you may, but are not required to, consider the following factors: (1) whether the genitals or pubic area are the focal point of the image; (2) whether the setting of the image is sexually suggestive, for example, a location generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose or inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the image suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the image appears intended or designed to elicit a sexual response in the viewer.   An image need not involve all of these factors to constitute a "lascivious exhibition."

It is for you to decide the weight, or lack of weight, to be given to any of the factors I just listed.   You may conclude that they are not applicable given the facts of this case.   This list of

factors is not comprehensive, and you may consider other factors specific to this case that you find relevant.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u>, §2.15 (2015); Torresen 2023 Pattern Instructions No. 4.18.2252.

**PROPOSED INSTRUCTION**

**(DEFINITION OF MINOR)**

As used in these instructions, the term "minor" means any person under the age of eighteen years.

*See* 18 U.S.C. § 2256(1).

## PROPOSED INSTRUCTION

## (INTERNET/INTERSTATE COMMERCE)

An image has been "shipped or transported in interstate or foreign commerce" if it has been transmitted over the Internet or over telephone lines.   The jurisdictional element may also be satisfied by showing that the receptacle for the possessed child pornography was manufactured outside of Massachusetts.   The government need not prove that the defendant had actual knowledge of the jurisdictional element.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases, §2.15 (2015); Torresen 2023 Pattern Instructions No. 4.18.2252; see also United States v. Burdulis, 7534 F.3d 255, 261-262 (1st Cir. 2014) (joining Fourth, Fifth, Sixth, Seventh, Ninth, and Eleventh Circuits in so holding);   United States v. Hilton, 257 F.3d 50, 54 (1st Cir. 2001), citing United States v. Robinson, 137 F.3d 652, 654-55 (1st Cir. 1998).

## PROPOSED INSTRUCTION

## (EXPERT WITNESS)

You have heard expert testimony from witnesses in this case regarding child pornography, and about various software programs and online platforms.

An expert is allowed to express his or her opinion on those matters about which he has special knowledge and training.   Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider his or her qualifications, his or her opinions or reasons for testifying, as well as all of the other considerations that apply when you are deciding whether or not to believe a witness' testimony.   You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.   You should not, however, accept a witness' testimony merely because he or she is an expert.   Nor should you substitute it for your own reason, judgment, and common sense.   The determination of the facts in this case rests solely with you.

You have heard testimony from at least one witness described as an expert.   An expert witness has special knowledge or experience that allows the witness to give an opinion.   You may accept or reject such testimony.   In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u>, §2.07 (2015).

## PROPOSED INSTRUCTION

## (PREPARING WITNESSES)

Some mention has been made of the lawyers having prepared witnesses to testify. There is nothing wrong with a lawyer preparing a witness to testify.    If the lawyers did not do some preparation, this case would be much longer than it has been.    It is to be expected that when a lawyer puts a witness on the stand for direct examination, the lawyer will have met with the witness and know what the answers are going to be most of the time, that is, assuming the witness is willing to talk to the lawyer ahead of time.

The fact that a witness met with a lawyer prior to that witness testifying before you, standing alone, should not usually cause you to discredit the testimony of that witness.    You may, however, consider the fact that a witness was willing to meet, or not meet, with one side or the other, prior to this case, in evaluating the witness's testimony.    You may also consider whether any such meeting did, in fact, influence the witness's testimony.

United States v. Richard Rosario, No. 16-cr-30044-MGM, Dkt # 1193 at 18 (D. Mass. February 10, 2020).

45

**PROPOSED INSTRUCTION**

**(FAILURE TO CALL WITNESSES)**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not, in fact, required to produce all possible witnesses, or all possible documents equally available to both parties, which may bear on the case or who may have some knowledge about the facts of the case.

L. Sand, et. al., Modern Federal Jury Instructions:   Instruction No. 6-7 (2004); United States v. Welch, 15 F.3d 1202, 1215 n.17 (1st Cir. 1993)(inference not permissible when testimony could have been corroborative or cumulative), cert. denied, 511 U.S. 1076 (1994).

**PROPOSED INSTRUCTION**

**(SUBMITTING THE SUPERSEDING INDICTMENT)**

I am sending a copy of the Superseding Indictment into the jury room for you to have during your deliberations.   You may use it to read the crime which the defendant is charged with committing.   You are reminded, however, that the Superseding Indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

L.B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, ¶9-4 (1990).

## PROPOSED INSTRUCTION

## (PUNISHMENT)

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.   The duty of imposing sentence rests exclusively upon the court.   Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.   Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict in any way, or in any sense, enter into your deliberations.

L. B. Sand, Modern Federal Jury Instructions: Criminal, §9-1 (1990).

## PROPOSED INSTRUCTION

## (FOREPERSON'S ROLE; UNANIMITY)

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.   You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.   Your verdict must be unanimous.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases, §6.01 (2015).

**PROPOSED INSTRUCTION**

**(SPECIFIC UNANIMITY)**

The government has alleged that defendant committed the offense charged in Count Three, Sexual Exploitation of Children, in July 2019.   The government has introduced images and video taken on different dates in July 2019, which the government contends are child pornography.   To find the defendant guilty of Sexual Exploitation of Children, you must unanimously find beyond a reasonable doubt that the government has established each of the three elements of this offense, which I just went over with you, for at least one particular image or video.

**PROPOSED INSTRUCTION**

**(CONSIDERATION OF EVIDENCE)**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.   However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u>, §6.02 (2015).

51

**PROPOSED INSTRUCTION**

**(REACHING AGREEMENT)**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.   But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.   There is no reason to think it could be better tried or that another jury is better qualified to decide it.   It is important therefore that you reach a verdict if you can do so conscientiously.   If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.   You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.   Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases, §6.03 (2015).

**PROPOSED INSTRUCTION**

**(RETURN OF VERDICT FORM)**

I will now read to you what is called the verdict form.   This is simply the written notice of the decision you will reach in this case.

**[Read verdict form]**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u>, §6.04 (2015).

**PROPOSED INSTRUCTION**

**(COMMUNICATION WITH THE COURT)**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.   If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.   You may continue with your deliberations while waiting for the answer to any question.   Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u>, §6.05 (2015).

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

<u>*/s/ Jessica L. Soto*</u>
Jessica L. Soto
Assistant U.S. Attorney
