UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff<br><br>v.<br><br>PATRICK BAXTER,<br>    Defendant | )<br>)<br>)<br>)<br>)  Criminal No. 1:23-cr-10001-ADB<br>)<br>)<br>)<br>) |

### DEFENDANT'S MOTION FOR ACQUITTAL

Pursuant to Fed. R. Crim. P. 29(c), the defendant Patrick Baxter moves this Honorable Court to set aside count three of the jury's guilty verdict returned on October 9, 2024 and enter a judgment of acquittal.

### ARGUMENT

To prevail on a motion for judgment of acquittal under Fed. R. Crim. P. 29, a defendant must "show that the evidence presented at trial, even when viewed in the light most favorable to the government, did not suffice to prove the elements of the offenses beyond a reasonable doubt." United States v. Acevedo, 882 F.3d 251, 257 (1st Cir. 2018) (*citing* United States v. Gabriele, 63 F.3d 61, 67 (1st Cir. 1995)). The Court does not "weigh the evidence or make any credibility judgments, as those are left to the jury." United States v. Merlino, 592 F.3d 22, 29 (1st Cir. 2010) (*citing* United States v. Ayala-Garcia, 574 F.3d 5, 11 (1st Cir. 2009)).

Mr. Baxter asserts that the Government has failed to meet its burden to prove all of the necessary elements of Count 3, Sexual Exploitation of Children, pursuant to 18 U.S.C §2251a. Thus, the Court should set aside the jury's guilty verdict and enter a verdict of not guilty.

### I.    COUNT 3: SEXUAL EXPLOITATION OF CHILDREN

The Government has failed to prove the first element of Count Three beyond a reasonable doubt. The first element of this charge requires the prosecution to prove that Mr. Baxter "used […] "Minor 1" to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct." The Government argued that this element is satisfied by asserting that Mr. Baxter used Minor 1 by taking the photos and videos of her, that the photos and videos

constitute sexually explicit conduct because they are "a lascivious exhibition of the genital or pubic area", and that Mr. Baxter took the photos for "the purpose of producing a depiction of such conduct" because the photos satisfy his own alleged interest in child pornography. The Government, however, failed to present sufficient evidence to prove that Mr. Baxter actually took the photos, that the photos constitute sexually explicit conduct, and that the photos were taken "for the purpose of producing a visual depiction of such conduct."

### A. The Government Failed to Present Sufficient Evidence to Prove Beyond a Reasonable Doubt that Mr. Baxter Took the Photographs of Minor 1.

The Government failed to prove beyond a reasonable doubt that Mr. Baxter was the individual who took the sixteen photos of Minor 1 on the bed and the two photos of Minor 1 in the doorway of the bathroom. The prosecution argued that Mr. Baxter must have taken the photos because the meta data shows they were taken on his phone and depicted his naked niece, which is consistent with his alleged interest in child pornography. The government essentially asked the jury to make an inference based on the context of the other charges in this case (possession and receipt of child pornography) without actually presenting sufficient evidence that Mr. Baxter took the photos, nor negating the plausible alternative that one of the other children in the home took them.

No witness testified that they saw Mr. Baxter using his phone around bath time, when the children would have been nude or partially nude, that they actually saw Mr. Baxter take these specific sixteen photos, nor that they saw the sixteen photos on his phone. Moreover, the mother of Minor 1 testified that Mr. Baxter was never alone with Minor 1 during or around bath time because she or her husband bathed their children. Mrs. Vanessa Baxter likewise testified that she and Mr. Baxter would bathe their own children and that her children never were in the tub at the same time as Minor 1 and her brother. A reasonable inference can be drawn that one of Minor 1's parents was around Mr. Baxter and the children at the time he allegedly took the photos.

Furthermore, Mr. Baxter explicitly denied taking the photos and testified that it was possible his son had taken the photos. Mr. Baxter testified that the camera could be accessed without unlocking the phone and that his son does sometimes open the camera app when he gets ahold of Mr. Baxter's phone. Mr. Baxter and his wife both testified that their son would regularly take their phones when left within his reach and they weren't paying attention. Mr. Baxter

additionally testified that he has come across batches of blurry photos taken by their son that often range from photos of the ceilings and walls to photos of their them, their daughter, and their pets. Mr. Baxter further testified that he did not recall seeing any of the photos of Minor 1, but if he came across a large batch of blurry photos such as this that he believed his son had taken, he would normally delete them without looking closely at each photo. A reasonable inference can be drawn from the testimony presented that Mr. Baxter's son got ahold of Mr. Baxter's phone around bath time when the children would be partially or fully nude, accessed the camera and took the photos without Mr. Baxter's knowledge. This inference is further supported by the fact that the two photos of Minor 1 in the doorway and the group of sixteen photos were very blurry and appear to have been taken in rapid succession, as if a child were holding down the button or repeatedly hitting it as children do when they haphazardly hit a touch screen on a phone.

Based on this evidence it is equally likely that Mr. Baxter or his son took the photos. Therefore, the Government has not proven the first element beyond a reasonable doubt. *See, e.g.*, United States v. Carmona, 103 F.4th 83, 91 (1st Cir. 2024) (the Court "ask[s] whether that evidence 'enables a rational factfinder to conclude beyond a reasonable doubt that the defendant committed the charged crime[s].'") (internal quoting omitted).

B. **The Government Failed to Present Sufficient Evidence to Prove Beyond a Reasonable Doubt that the Photos and Two (2) Videos of Minor 1 Depict Sexually Explicit Conduct.**

The Government proceeded on a theory that these photos and videos of Minor 1 depict sexually explicit conduct because they capture a "lascivious exhibition of the genital or pubic area" of Minor 1. However, the Government relied heavily on the fact that Mr. Baxter was also charged with receipt and possession of child pornography to reach this conclusion. Although this Court specifically instructed the jury that the charges themselves are not evidence, the Government suggested that the photos and videos are "lascivious" because they appear to focus on the genitals of a young girl, a subject matter to which Mr. Baxter is allegedly attracted to as evidenced by the prolific collection of child pornography he possessed.

Contrary to the Government's suggestion, the six factors to determine a "lascivious exhibition" do not support such a finding as to any of the photos or videos of Minor 1. With

respect to the two videos, the genitals or pubic area are not the focal point. Although the videos do show Minor 1 in the nude, the camera does not zoom in on any particular part of her body at any point in either video. In one video, Minor 1 can be seen laying on a bed, with her head closest to the camera and feet away from the camera. Based on the sounds from the other children, she is being silly with Mr. Baxter's son and her brother, as Mr. Baxter can be heard telling the children to stop and calm down. Again, the camera does not zoom in on any particular part of her body and does not follow her as she rolls off the bed and runs out of frame. The other video captures the children running around the room and Mr. Baxter can be heard telling them it's time for a bath. The camera stops on Minor 1 towards the end of the video and captures her shaking her nude bottom at the camera. One of the other children in the video can be heard saying something like "shake your butt" repeatedly. Again, the camera does not zoom in on any particular part of Minor 1's body. With respect to the photos, it could be argued that Minor 1's genitals are the focal point of those photos, however, the fact that the photos are so blurry and that Minor 1 is not consistently in the center of every photo, sometimes off to the side with a wall taking up the majority of the frame, do not support a finding that these photos are lascivious.

   The First Circuit Court of Appeals has held that nudity alone is not sufficient to find "lascivious exhibition" U.S. v. Amirault, 173 F.3d 28 (1999). In that case, the image in question depicted a minor standing nude in a large hole on the beach. U.S. v. Amirault, at 33. Her pubic area was visible above the whole, but was in the bottom fourth of the photo. *Id.* at 33. While her genitals were on "full display," there was no close-up view of the groin, and the girl's legs were more together than apart. *Id.* at 33. Similarly, Minor 1's genitals were visible in the photos of her standing in the bathroom doorway, but her legs were very close together, the images were blurry and another adult, who witnesses believed to be her father, can be seen in the background.

   The second factor to consider is whether the setting of the image is sexually suggestive. The photos and videos of Minor 1 were taken in Mr. Baxter's son's room and the doorway of the bathroom, neither of which "evoke associations of sexual activity." Amirault, *supra* at 33. Furthermore, with respect to the third factor, Minor 1 is not wearing inappropriate or sexually suggestive attire, such as garters or lingerie, in any of the photos or videos. Although Minor 1 is nude or partially nude, she is not depicted in an unnatural or inappropriate pose. In the photos and videos, Minor 1 is seen bouncing around and kicking her legs in the air, as one might expect from a child excited to play with the children she is visiting. It is apparent that her brother and

Mr. Baxter's son are also running and bouncing around the room, suggesting that this is typical behavior for a child. Likewise, in the two photos of Minor 1 in the bathroom doorway, she is not posed in an unnatural or inappropriate way and, again, her another adult presumed to be her father is in the background of the photos. Additionally, none of the images or videos suggest a sexual coyness or willingness to engage in sexual activity. It is clear from the videos that Minor 1 is playing with her brother and Mr. Baxter's son, running around the room before bath time. There is "nothing particularly sexually suggestive" in either her expression or poses. *Id.* at 33-34.

The final factor to consider is whether the image appears intended or designed to elicit a sexual response from the viewer. *Id.* at 34. The First Circuit Court of Appeals held in *Amirault* the focus of this factor should not be "the actual effect of the photograph on the viewer," but rather "on the objective criteria of the photograph's design." The Court considered this last factor to be "another way of inquiring into whether any of the other five factors are met" *Id.* at 34. The Government in this case argued that the photos and videos are sexually explicit because the subject of the images, a young girl's genitals, is one Mr. Baxter finds sexually attractive and were found in the same digital location as other pornographic images of young girls. Under this logic, as the *Amirault* Court put it, "a sexual deviant's quirks could turn a Sears catalog into pornography." *Id.* at 34. These photos and videos of Minor 1 are clearly not intended or designed to elicit a sexual response and are starkly different from the other pornographic images, which clearly are intended to elicit a sexual response.

Specifically, Minor 1 is not wearing sexually suggestive clothing, posed in any sexually suggestive way, or engaged in any sexually suggestive activities. Unlike the Freenet videos presented by the Government, Minor 1 is running around with Mr. Baxter's son and her brother before bath time while her father is nearby. Furthermore, considering that there is a reasonable likelihood that the photos were taken by Mr. Baxter's three-year old son, the circumstances in which the photos were taken do not support the conclusion that they were intended or designed to elicit a sexual response. The only factors that may support a finding that the photos and videos of Minor 1 are a "lascivious exhibition" would be the nudity and youth of Minor 1, but these factors "are not enough" to render an image lascivious. <u>Amirault</u>, *supra* at 35. The majority of factors as applied to each video and image weigh in favor of a finding that the images and videos are not a lascivious exhibition and therefore do not constitute child pornography.

C. **The Government Failed to Present Sufficient Evidence to Prove Beyond a Reasonable Doubt that Mr. Baxter Possessed the Photos and Videos of Minor 1 for "the Purpose of Producing a Visual Depiction of Such Conduct."**

As previously discussed, Mr. Baxter denied taking the photos and the Government presented no direct evidence that he did in fact take them. The Government posits that Mr. Baxter used Minor 1 to engage in the lascivious exhibition of her genitals for the purpose of taking pictures of her genitals because of his alleged sexual deviance. However, because it is equally possible that Mr. Baxter's son took the photos unintentionally while playing with Mr. Baxter's phone, the Government has not proven beyond a reasonable doubt that the photos were taken for the purpose of producing a visual depiction of the "lascivious exhibition." Although the Mr. Baxter acknowledged that it appears he took the videos, despite having no memory of doing so, and testified that he heard the children laughing and thought he would record them being silly to preserve the memory. The Government provided no evidence to the contrary and therefore has not proven beyond a reasonable doubt that Mr. Baxter took the videos for the purpose of producing a visual depiction of sexually explicit conduct.

## CONCLUSION

For the foregoing reasons, Mr. Baxter argues that the Government has failed to prove the first element of Count 3, Sexual Exploitation of a Minor, pursuant to 18 U.S.C §2251a, beyond a reasonable doubt.

WHEREFORE, Mr. Baxter respectfully requests this Honorable Court set aside the jury's guilty verdict and enter a not guilty verdict as to Count 3.

Respectfully Submitted
For the Defendant,
Patrick Baxter,

_____
Natalie Sreca, Esq.
Joseph B. Simons, Esq.
Simons Law Office
10 Post Office Square, Suite 800
Boston, MA  02109
(617) 544-9000
MA BBO #684030
MA BBO #706732

Dated:  October 22, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 22, 2024

_____
Natalie I. Sreca