UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 23-10001-ADB |
| v. | |
| PATRICK BAXTER | s |
| Defendant | |

## OPPOSITION TO DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL

The United States of America, by Joshua S. Levy, Acting United States Attorney, and Jessica L. Soto and David G. Tobin, Assistant United States Attorneys for the District of Massachusetts, opposes defendant's motion for a judgment of acquittal.[1]

## BACKGROUND

On October 9, 2024, after a two-day trial, a jury found defendant Baxter guilty of all three counts against him: Possession of Child Pornography, Receipt of Child Pornography, and Sexual Exploitation of Children.  ECF No. 130.  Defendant now asks this Court to set aside his conviction on count three, Sexual Exploitation of Children.[2]  ECF No. 137 (hereinafter "Def. Mot.").  In his filing, defendant argues that the government failed to present sufficient evidence to prove beyond a reasonable doubt (1) that defendant took pornographic photographs of Minor 1; (2) that the photos and videos of Minor 1 constitute sexually explicit conduct; and (3) that

---

[1] The Court previously considered, and denied, a motion for a judgment of acquittal on all three counts.  ECF No. 136.

[2] Defendant does not challenge his convictions on Possession of Child Pornography or Receipt of Child Pornography.

defendant took the photos of Minor 1 for "the purpose of producing a visual depiction of such conduct."

## ARGUMENT

For defendant to prevail on motion for a judgment for acquittal under Fed. R. Crim. P. 29, the Court must determine that "no levelheaded jury could have found [defendant] guilty." *United States v. Perez-Greaux*, 83 F.4th 1, 23 (1st Cir. 2023) (quoting *United States v. Guerrier*, 669 F.3d 1, 7 (1st Cir. 2011)). In making such a determination, the Court "must credit the government's witnesses, draw all reasonable inferences in its favor, and uphold the verdict if it is supported by a plausible rendition of the record." *Id.* (internal quotation marks omitted). "[B]oth types of proof [direct and circumstantial] can adequately ground a conviction." *United States v. Oliver*, 19 F.4th 512, 516 (1st Cir. 2021) (quoting *United States v. Ortiz,* 966 F.2d 707, 711 (1st Cir. 1992)). In light of the evidence presented at trial, defendant cannot meet this "formidable standard," *Perez-Greaux*, 83 F.4th at 23, and therefore the Court should deny his motion.

All three of defendant's arguments are unsupported by the trial record and applicable law. More specifically, the government proved, beyond a reasonable doubt, that (1) defendant took the pornographic photos of Minor 1 on his phone and then transferred them to his encrypted SSD; (2) the photos and videos defendant took of Minor 1 constitute sexually explicit conduct because they capture the lascivious exhibition of the child's genitals; and (3) defendant took the photos and videos of Minor 1 for the purpose of producing a visual depiction of such conduct.

### A.     The Government Presented Evidence that Defendant Took Pornographic Photographs and Videos of Minor 1.

At trial, the government presented evidence that could have (and indeed did) lead a "levelheaded" factfinder to conclude that defendant took pornographic images and video of Minor 1 while she visited his Melrose, Massachusetts home with her family in July 2019. The

government, through the testimony of FBI Special Agent Bryce Montoya, showed the jury

eighteen images (two taken on July 3, 2019 and a series of sixteen taken on July 4, 2019) and

two videos of Minor 1 (taken on July 11, 2019).  Trial Tr. Excerpt (hereinafter "Tr. Tr."), 32–

40.[3]  Metadata indicated that the pornographic images were taken on an iPhone XS, which a

business record entered into evidence established was the same make and model of phone that

defendant purchased in December 2018.  Tr. Tr. at 42–44.  However, the government did not

rely on the facts of the phone alone in proving that defendant took the pornographic images of

Minor 1 in July 2019.

In addition to being shown the pornographic images of Minor 1 that were taken on a

phone defendant purchased months earlier, the jury heard testimony about Minor 1's stay at

defendant's residence in July 2019.  Relevant to the photos taken on July 3, 2019, Minor 1's

mother testified that her husband and defendant bathed both families' children that night in the

second-floor bathroom in the Baxter home.  Tr. Tr. at 143–44, 147.  Minor 1's mother also

identified the other person in the pictures taken on July 3, 2019 as her husband. Tr. Tr. at 151–

52.  Moreover, relevant to the videos taken on July 4, 2019, Minor 1's mother testified that

during the July 2019 trip, her children and the Baxter children played together in the bedroom of

defendant's son.  Tr. Tr. at 144.  She further testified that she was not in the room with the

children at all times.  Tr. Tr. at 144.  She also testified that she did not observe any of the

children using phones to take photographs during the 2019 trip.  Tr. Tr. at 142.

FBI Task Force Officer Yu Kajita and Special Agent Bryce Montoya testified that FBI

found all three sets of pornographic files of Minor 1 on defendant's encrypted solid-state drive

---

[3] The trial transcript excerpt ordered and cited by the government in this memo will be provided
to the Court as Sealed Exhibit A.  The government is submitting it under seal because the
transcript includes the name of Minor 1 and other identifying information about the child.

("SSD"), accessible only with a user-set password. Tr. Tr. at 23–40, 87, 95–109.  The SSD password referenced a Nissan motor vehicle engine.  Tr. Tr. at 83–84.  Minor 1's mother testified defendant was a car enthusiast, Tr. Tr. at 139, as did defendant and his wife.  The record is devoid of any evidence that anyone else knew the password to the SSD.  Moreover, the images on the SSD were in a user profile associated with defendant's email: pwbaxter@gmail.com.  Tr. Tr. at 20.  There was also no evidence that anyone else created or accessed that user profile.  Despite defendant's contention otherwise, the government did not need to proffer direct evidence in the form of an eyewitness that saw defendant use his iPhone around the children's bath time, saw him taking pornographic images, or observed the pornographic images on his phone at the time they were taken.

Defendant points to various inferences that he believes *could* be drawn in his favor.  But to prevail on his motion, he is required to show that these inferences *must* be drawn in his favor, because all reasonable inferences must be drawn in favor of the government in the Rule 29 context.  *Perez-Greaux,* 83 F.4th at 23; *see also United States v. Cruz-Ramos,* 987 F.3d 27, 36 (1st Cir. 2021) (explaining that even a reasonable theory of innocence will not carry a sufficiency claim because the issue is not whether a rational jury could have acquitted but whether it rationally could have found guilt beyond a reasonable doubt).  In deciding a Rule 29 motion, courts "giv[e] the prosecution the benefit of all sensible inferences and credibility choices." *Cruz-Ramos*, 987 F.3d at 36.  Defendant repeatedly cites his own testimony, attempting to support his theory that his then three-year-old son took pornographic pictures of Minor 1.  But the jury was free to disregard his testimony as untrustworthy and his theories as implausible.  *See United States v. Soler-Montalvo*, 44 F.4th 1, 8 (1st Cir. 2022) (internal citation omitted) (finding that a jury was free to reject a defendant's testimony and defense).

The argument that defendant's three-year-old son took the pornographic still images of Minor 1 is fanciful at best and not supported by any credible evidence.  For the jury to accept defendant's explanation as to how the pornographic still images of Minor 1 got onto defendant's encrypted SSD, the jury would have to have accepted that defendant's three-year-old son took pornographic images of Minor 1 on two separate occasions, that the son or an unwitting defendant then transferred the images from those two occasions onto defendant's laptop computer, and that the son or an unwitting defendant then transferred the pornographic images onto the encrypted SSD.  The jury would also have to accept that the still pornographic images of Minor 1 just happened to be placed in the same user profile as the pornographic videos of Minor 1 and the hundreds of videos of child pornography possessed and received by defendant.

Defendant fails to mention the videos of Minor 1 with respect to this argument because there is no room for him to blame that on his toddler son.  There is no question that the two pornographic videos of Minor 1 were taken by defendant: defendant's voice is heard clearly on the recordings.  He admitted as much during his trial testimony, and Minor 1's mother and Special Agent Montoya also identified the voice as that of defendant, Tr. Tr. at 32–33, 146–47.  Further, defendant's interest in and focus on a naked Minor 1 is clear; defendant keeps the camera on the naked Minor 1 while talking with two male children.  Therefore, even assuming *arguendo* that the government had not proven that defendant took the pictures of Minor 1 (which it did), defendant would still have to contend with the pornographic videos of Minor 1 that he took.  He attempts to do by claiming that the videos were not pornographic, an assertion case law does not support, as discussed further below.

**B.      The Government Presented Evidence that Defendant's Photos and Videos of Minor 1 Depict Sexually Explicit Conduct**

During trial, the government offered evidence that the files defendant took of Minor 1 constitute sexually explicit conduct because they depict the lascivious exhibition of Minor 1's genitals.  In his motion, defendant relies heavily on *United States v. Amirault*, but it is not analogous to the facts of this case.  In *Amirault*, there was only a single picture at issue, which was taken at a beach, a setting that "does not evoke associations of sexual activity," unlike the bed and bedroom settings in the present case.  173 F.3d 28, 33 (1st Cir. 1999).  In the *Amirault* photo, there was "no close-up view of the groin" and "the girl's legs [we]re not widespread." *Id.* Here, the many files taken by defendant include close-ups of Minor 1's vagina, and Minor 1's legs are spread in several photos and one of the videos.  As discussed further below, the government did not rely on nudity alone to establish that the images constituted a lascivious exhibition of Minor 1's genitals.

This Circuit has recognized that "[l]ascivious is a commonsensical term, and whether a given depiction is lascivious is a question of fact for the jury." *Id.* at 85 (internal quotations omitted).  A juror is entitled to determine whether any given image involves "lascivious exhibition" based on what they deem to be lascivious.  *See United States v. Silva,* 794 F.3d 173, 181 (1st Cir. 2015).  The Court here also instructed the jury as to factors that may be considered when determining whether an image of genitals or pubic area constitute lascivious exhibition, which were drawn from *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986).  Though the *Dost* factors may provide some guidance, this Circuit has explained that "these factors are

neither comprehensive nor necessarily applicable in every situation." *United States v. Amirault*, 173 F.3d 28, 32 (1st Cir. 1999).[4]

Both the statutory definition of "lascivious" and application of the *Dost* factors support the jury's finding that the images and/or videos defendant took of Minor 1 contain lascivious exhibitions of the child's genitals. The government showed the jury eighteen images and two videos of Minor 1 that defendant took of her in July 2019. Many of the images in the series of still images taken of Minor 1 in defendant's son's bedroom show a close-up of the Minor 1's vagina. In most, Minor 1's face is not in the frame. One of the two videos depicts Minor 1 on a bed lifting and spreading her legs revealing her vagina. Many of the files presented by the government depicted Minor 1 naked, thus "the issue of inappropriate attire is inapposite." *Amirault*, 173 F.3d at 33. In the others, she wears only a t-shirt. Minor 1 need not have worn inappropriate attire or displayed sexual coyness in the images and videos for a finding of lasciviousness. *See Frabizio*, 459 F.3d at 87–89.

This Circuit has not restricted juries from considering the specific circumstances of an image's production in determining whether an image constitutes lascivious exhibition. *Frabizio*, 459 F.3d at 89. "*Amirault* did not adopt such a rule." *Id.* A reasonable factfinder could thus have considered defendant's demonstrated attraction to children in evaluating the pornographic nature of the images and videos he took. A juror could also have considered that defendant kept the files of Minor 1 with the other child pornography as indicative of whether the images appeared intended or designed to elicit a sexual response from the viewer. *See United States v.*

---

[4] In *United States v. Frabizio*, the Court held that the *Dost* factors "are not the equivalent of the statutory standard of 'lascivious exhibition' and are not to be used to limit the statutory standard." 459 F.3d 80, 90 (1st Cir. 2006). The *Dost* factors cannot be "applied in a way that accord[s] to them the same status as the statutory definition itself." *Id.* at 87. Defendant's motion asks this Court to do just that.

*Miller*, 829 F.3d 519, 525 (7th Cir. 2016) (in case involving [sexual exploitation of children,] court wrote, "[f]act finders are not constrained . . . to the four corners of these videos to find that they were lascivious.  Instead, the finder of fact may look to the creator's intent in making these videos…. the reasonable inference drawn by the fact finder is that [defendant] was creating the videos because they sexually excite him."); *United States v. Holmes*, 814 F.3d 1246, 1252 (11th Cir. 2016) (joining the Eighth, Ninth, and Tenth Circuits by holding that the intent of the producer or editor is relevant to whether an image constitutes a lascivious exhibition) (citing *United States v. Horn*, 187 F.3d 781 (8th Cir. 1999); *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir. 1987); *United States v. Wolf*, 890 F.2d 241, 246 (10th Cir.1989)).  That a few of the pictures in the series of sixteen are blurry and that a wall is also seen in them is irrelevant; many are not.

That defendant may have taken at least some of the photos and videos surreptitiously does not impact this assessment.  *See, e.g., United States v. Vallier*, 711 Fed. App'x 786, 788 (6th Cir. 2018) ("Courts have repeatedly upheld convictions under § 2251(a) where the defendant, with lascivious intent, secretly videoed minors engaged in otherwise innocent activities such as undressing to change clothes or take a shower"); *United States v. Petroske*, 928 F.3d 767, 770–774 (8th Cir. 2019) (girls "in various states of undress, such as before or after exiting a shower"); *United States v. Miller*, 829 F.3d 519, 523–26 (7th Cir. 2016) (girls "undressing and/or showering"); *United States v Holmes*, 814 F.3d 1247, 1251– 53 (11th Cir. 2016) (the victim was recorded "as she sang, danced, stood in front of the mirror, applied creams or lotions to her body, groomed, and performed other bathroom routines."); and *United States v. Wolf*, 890 F.2d 241, 242–47 (10th Cir. 1989) (girl photographed "partially nude" while "apparently asleep or unconscious").

C.    **The Government Presented Evidence that Defendant Took Videos and Pictures of Minor 1 for "the Purpose of Producing a Visual Depiction of Such Conduct."**

The jury had sufficient evidence to conclude that defendant took the pornographic photos and videos of Minor 1 for the purpose of producing a visual depiction of the lascivious exhibition of her genitals.  The images themselves, including several of just her vagina, speak clearly to their purpose.  *See United States v. Ortiz-Graulau*, 526 F.3d 16, 19 (1st Cir. 2008) ("the number of photographs, many of sexually explicit poses, permits a strong inference that some of the conduct occurred in order to make the photographs").

Defendant notes that he denied taking the photos of the Minor 1 and that the government presented no direct evidence that he did so.  Just as the jury is not required to believe the self-serving testimony of defendant, the government is not required to prove its case with direct evidence, nor does it need to disprove an outlandish theory that defendant accidentally took two videos of Minor 1 naked or that his son took all the pornographic images of Minor 1.  As defendant himself notes, Def. Mot. 1, in a Rule 29 motion, the Court does not "weigh the evidence or make any credibility judgments, as those are left to the jury."  *United States v. Merlino*, 592 F.3d 22, 29 (1st Cir. 2010) (citing United States v. Ayala-Garcia, 574 F.3d 5, 11 (1st Cir. 2009)); *see also United States v. Monson*, 72 F.4th 1, 5 (1st Cir.), cert. denied, 144 S. Ct. 367, 217 L. Ed. 2d 196 (2023) (rejecting a Rule 29 sufficiency claim in a case where the defendant told law enforcement he accidentally took videos of his daughter showering).  The verdict in this case was a product of the jury weighing the evidence and making its credibility judgments.

## CONCLUSION

At trial, the government presented testimonial and physical evidence that defendant engaged in the Sexual Exploitation of Children, among other things.  Defendant had the

opportunity, which he took by crossing the government's witnesses, calling his wife as a witness, and taking the stand himself, to attempt to rebut the government's evidence and arguments. Defendant does not now get a second bite at the apple (in the form of judicial intervention) because he did not like the conclusion of the jury.  For the foregoing reasons, the government asks the Court to deny defendant's motion and preserve the jury's verdict of guilty as to count three, Sexual Exploitation of Children.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:   */s/ Jessica L. Soto*
DAVID G. TOBIN
JESSICA L. SOTO
Assistant United States Attorneys
617-748-3100

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Jessica L. Soto*
Jessica L. Soto
Assistant United States Attorney

Date: November 5, 2024