UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PATRICK BAXTER,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*  Criminal Action No. 23-cr-10001-ADB<br>*<br>*<br>*<br>*<br>* |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION
## FOR A JUDGMENT OF ACQUITTAL

BURROUGHS, D.J.

On October 9, 2024, following a three-day trial, a jury found Defendant Patrick Baxter ("Defendant" or "Baxter") guilty on three counts: (1) possession of child pornography (Count I), (2) receipt of child pornography (Count II), and (3) sexual exploitation of children (Count III). [ECF No. 131]. Baxter moved for judgment of acquittal as to all counts at the end of the prosecution's case, and he renewed the motion at the close of his case, at which time the Court denied the motions as to Count I and II but reserved judgment on Count III until after the jury returned a verdict. [ECF No. 136]. The Court subsequently denied the motion as to Count III as well. [Id.]. Before the Court is Baxter's post-trial motion for judgment of acquittal as to Count III, the sexual exploitation of children charge. [ECF No. 137]. For the reasons set forth below, the renewed motion is **DENIED**.

1

I.      TRIAL EVIDENCE

In reaching its verdict, as relevant to Count III, the jury could have found the following, based on the evidence presented at trial.[1] This summary is intended to provide an overview of events and is supplemented as needed throughout the memorandum and order with information about specific exhibits and testimony.

FBI Special Agent Bryce Montoya showed the jury eighteen photographs (two taken on July 3, 2019 and a series of sixteen taken on July 4, 2019) and two videos (taken on July 11, 2019) of Minor 1, all of which were taken at the Baxter residence. [ECF No. 138-1 at 33:2–41:20]. Metadata established that these photographs and videos were taken on an iPhone XS. [Id. at 42:13–16]. A business record entered into evidence established that this was the same make and model of a phone that Baxter purchased in December 2018. [Id. at 33:2–36:24, 44:23–45:17]. As discussed further infra, the photographs and videos depicted Minor 1 in various states of undress within the Baxter home. [Id. at 33:2–41:20]. Baxter's voice can be heard on the videos, [id. at 34:8–11, 147:23–148:1], and, although he does not recall taking the videos, he does not deny taking them either, see generally [ECF No. 137].

FBI Agent Montoya and FBI Task Force Office Yu Kajita also testified that the FBI located all of the relevant photographs and videos of Minor 1 on Baxter's encrypted solid-state drive ("SSD"), which was accessible only with a user-set password. [ECF No. 138-1 at 18:4–20:17, 21:2–15, 85:2–24, 114:22–115:12]. The images on the SSD were housed within a user profile associated with Baxter's email address, which contained files that Baxter had backed up or otherwise transferred from his MacBook laptop. [Id. at 21:2–15, 93:10–14]. In addition to the

---

[1] The Court presents the evidence in the light most favorable to the verdict. See United States v. Meléndez-González, 892 F.3d 9, 17 (1st Cir. 2018).

photographs and videos of Minor 1, the profile contained over 400 images of child pornography downloaded from the internet.  [Id. at 23:15–25:13, 53:14–24].

II.     **LEGAL STANDARD**

To prevail on a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, a defendant must "show that the evidence presented at trial, even when viewed in the light most favorable to the government, did not suffice to prove the elements of the offenses beyond a reasonable doubt."  United States v. Acevedo, 882 F.3d 251, 257 (1st Cir. 2018).  On a Rule 29 motion, the Court does not "weigh the evidence or make any credibility judgments, as those are left to the jury."  United States v. Merlino, 592 F.3d 22, 29 (1st Cir. 2010) (citing United States v. Ayala-García, 574 F.3d 5, 11 (1st Cir. 2009)).  Rather, the Court "resolve[s] all credibility disputes in the verdict's favor," id. (quoting United States v. Olbres, 61 F.3d 967, 970 (1st Cir. 1995)), and "examine[s] the evidence — direct and circumstantial — as well as all plausible inferences drawn therefrom, in the light most favorable to the verdict," United States v. Meléndez-González, 892 F.3d 9, 17 (1st Cir. 2018) (internal quotation marks omitted).

The verdict will be upheld if it is "supported by a plausible rendition of the record." Merlino, 592 F.3d at 29 (quoting United States v. Bristol-Mártir, 570 F.3d 29, 38 (1st Cir. 2009)). "[I]f the evidence viewed in the light most favorable to the verdict gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged," the Court must reverse the conviction because "where an equal or nearly equal theory of guilt and a theory of innocence is supported by the evidence viewed in the light most favorable to the prosecution, a reasonable jury must necessarily entertain a reasonable doubt."  United States v. Burgos, 703 F.3d 1, 10 (1st Cir. 2012) (quoting United States v. Flores-Rivera, 56 F.3d 319, 323 (1st Cir. 1995)).

### III.   DISCUSSION

On Count III, Baxter was found guilty of production of child pornography in violation of 18 U.S.C. § 2251(a) and (e), also known as "sexual exploitation of children."  See generally [ECF No. 131].  Section 2251(e) provides the penalty for those found guilty of this crime.  Section (a) outlines the substantive offense:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce . . . .

18 U.S.C. § 2251(a) (2011); see also United States v. Orlandella, 96 F.4th 71, 85 (1st Cir. 2024).

In his motion for acquittal, Baxter asserts that the government failed to present sufficient evidence to prove that: (1) he took pornographic photographs of Minor 1; (2) the photographs and videos of Minor 1 constitute sexually explicit conduct; and (3) he took the photographs and videos of Minor 1 "for the purpose of producing a visual depiction of such conduct." [ECF No. 137 at 1–2].

Baxter's first and third arguments rest on a similar premise — namely, that because his son could have taken the photographs, the Government did not present evidence sufficient to prove beyond a reasonable doubt that Baxter took the photographs for the purpose of producing child pornography.  See [ECF No. 137 at 3 (asserting that "it is equally likely that Mr. Baxter or his son took the photos"); id. at 6 (asserting that, because "it is equally possible that Mr. Baxter's son took the photos unintentionally while playing with Mr. Baxter's phone, the Government has not proven beyond a reasonable doubt that the photos were taken for the purpose of producing" child pornography)].  In support of this contention, Baxter relies primarily on: (1) the lack of

direct evidence that he took the photographs, [id. at 2]; (2) his own testimony that he did not take the photographs, [id. at 3]; and (3) and his and his wife's testimony that their son would take their phones on occasion and take blurry photographs, [id.].  Based on these aspects of the trial record, Baxter argues that that "a reasonable inference can be drawn from the testimony presented that Mr. Baxter's son got ahold of Mr. Baxter's phone around bath time when the children would be partially or fully nude, accessed the camera and took the photos without Mr. Baxter's knowledge" and that this inference is supported by the fact that "the two photos of Minor 1 in the doorway and the group of sixteen photos were very blurry and appear to have been taken in rapid succession, as if a child were holding down the button." [Id.].

The Government responds that, while Defendant asserts that the jury could have drawn many inferences which support his innocence, the jury disregarded these inferences in weighing his credibility and considering the other evidence.  [ECF No. 138 at 4].  Specifically, the Government argues that "[f]or the jury to accept defendant's explanation as to how the pornographic still images of Minor 1 got onto defendant's encrypted SSD, the jury would have to have accepted that defendant's three-year-old son took pornographic images of Minor 1 on two separate occasions, that the son or an unwitting defendant then transferred the images from those two occasions onto defendant's laptop computer, and that the son or an unwitting defendant then transferred the pornographic images onto the encrypted SSD." [Id. at 5].  The Government additionally notes that the jury "would also have to accept that the still pornographic images of Minor 1 just happened to be placed in the same user profile as the pornographic videos of Minor 1 and the hundreds of videos of child pornography possessed and received by defendant." [Id.].

Viewing the evidence most favorable to the verdict, in reaching a conclusion beyond a reasonable doubt that Baxter took the photographs, the jury, among other evidence, could have

5

considered the following:  The naked photographs and videos of Minor 1 were taken on an iPhone XS, and Baxter owned an iPhone XS at the time they were taken.  [ECF No. 138-1 at 33:2–36:24, 44:23–45:17].  Both the photographs and videos were found on Baxter's SSD, in a profile associated with his email address, alongside over 400 images of child pornography downloaded from the internet.  [Id. at 23:15–25:13, 53:14–24].  Baxter did not deny taking the naked videos of Minor 1, see generally [ECF No. 137], and his voice can be heard in the videos, [ECF No. 138-1 at 34:8–11, 147:23–148:1].  These naked videos were taken during the same visit as the naked photographs, and the naked photographs were taken on two separate days.  [Id. at 33:2–41:20].  The naked photographs and videos were backed up to the SSD, while other fully clothed photographs of Minor 1 alongside her family taken during the same visit to the Baxter home, which were found on Baxter's laptop, were not backed up to the SSD.  [Id. at 115:25–116:9 (Exhibit 17 found on MacBook laptop but not on SSD), 142:16–143:2 (establishing Exhibit 17 is a photograph of Minor 1's family taken during their July 2019 trip)].  At the time the photographs were taken, Baxter's son was approximately three years old.  [Id. at 11:18–25 (establishing Baxter's son was approximately five years old at time of 2021 search warrant)].

From this evidence, the jury could have reasonably drawn the fully supportable inference that Baxter, rather than his three-year-old son, took the photographs, and that he did so for the purpose of producing child pornography.  Although there is no direct evidence that Baxter took the relevant photographs, there is also no direct evidence that his son took them.  Thus, in making its determination, the jury was required to make credibility determinations and weigh competing evidence, which "falls squarely within the jury's province, not ours." United States v. Soler-Montalvo, 44 F.4th 1, 10 (1st Cir. 2022) (quoting United States v. Cruz-Ramos, 987 F.3d 27, 38 (1st Cir. 2021)).  In doing so, the jury was "was, of course, free to reject [Baxter's]

6

defense" that he did not take the photographs.  Id. (quoting United States v. Berk, 652 F.3d 132, 140 n.8 (1st Cir. 2011)).  Perhaps a reasonably jury could have chosen to credit Baxter's theory of his innocence, but this one did not, nor was it required to do so, and the Court sees no basis for rejecting their decision.  Orlandella, 96 F. 4th at 88 (quoting United States v. Apicelli, 839 F.3d 75, 80 (1st Cir. 2016)) (explaining that on review of a jury verdict for sufficiency of evidence, "it matters not whether the defendant can raise a plausible theory of innocence: if the record as a whole justifies a judgment of conviction, it need not rule out other hypotheses more congenial to a finding of innocence").  Moreover, even accepting Baxter's premise that it is "equally likely" his son took the photographs, this Court may only reverse a conviction on the grounds that an equal or nearly equal theory of guilt and innocence after it has drawn all reasonable inferences in favor of the verdict.  Soler-Montalvo, 44 F.4th at 10.  Here, to find both theories equally likely, the Court "would have to credit [Baxter's] testimony inconsistent with the verdict," which the Court "cannot do, especially given the plentiful evidence from which the jury could reasonably infer that [Baxter's] explanation was not credible."  Id. at 11.

Baxter additionally asserts that, even if he took the photographs and videos, no reasonably jury could conclude that they constitute "sexually explicit conduct" because they do not "capture a 'lascivious exhibition of the genital or pubic area'" of Minor 1.[2]  [ECF No. 137 at 3].  Congress did not define "lascivious exhibition of the genitals or pubic area," and, in making the determination as to what qualifies, courts frequently look to the six factors articulated in United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986).  Those factors are: (1) whether the genitals or pubic area are the focal point of the image; (2) whether the setting of the image is

---

[2] The term "sexually explicit conduct" also includes other conduct — sexual intercourse, bestiality, masturbation, and sadistic or masochistic abuse — not relevant to this case.  18 U.S.C. § 2256(2)(A)(i)-(iv).

sexually suggestive (i.e., a location generally associated with sexual activity); (3) whether the child is depicted in an unnatural pose or inappropriate attire considering her age; (4) whether the child is fully or partially clothed, or nude; (5) whether the image suggests sexual coyness or willingness to engage in sexual activity; and (6) whether the image is intended or designed to elicit a sexual response in the viewer.  That said, the Dost factors, while relevant, "are not exhaustive: other factors may be relevant, depending upon the particular circumstances involved" and the inquiry is "always [] case-specific."  United States v. Amirault, 173 F.3d 28, 31–32 (1st Cir. 1999); see also United States v. Silva, 794 F.3d 173, 181 (1st Cir. 2015) ("We have previously explained that lascivious is a 'commonsensical' term and that there is no exclusive list of factors — such as the so-called Dost factors — that must be met for an image (or a film) to be 'lascivious.'").  "Generally speaking, a determination of whether a particular image depicts sexually explicit conduct is a question of fact for the jury."  United States v. Wilder, No. 04-cr-10217, 2006 WL 572699, at *1 (D. Mass. Mar. 10, 2006); see also United States v. Frabizio, 459 F.3d 80, 85 (1st Cir. 2006) ("[W]hether the item to be judged is lewd, lascivious, or obscene is a determination that lay persons can and should make.").

Relying primarily on Amirault, which in turn relied on the Dost factors, Baxter asserts "[t]he only factors that may support a finding that the photos and videos of Minor 1 are 'lascivious exhibition' would be the nudity and youth of Minor 1, [which] 'are not enough' to render an image lascivious."  [ECF No. 137 at 5 (citing Amirault, 173 F.3d at 35)].  Although Defendant is correct that the statute requires "more than mere nudity," the Court disagrees that Minor 1's nudity and age are all a jury could have reasonably considered in reaching the conclusion that these images are sexually explicit.  Unlike in Amirault, many of the images here are "significantly focused upon the genitalia."  173 F.3d at 33.  In particular, in the sixteen

8

photographs taken in quick succession on July 4, 2019, Minor 1's vulva is the clear focal point of the photographs, featured close-up and near center, and her face is frequently not in frame at all. See In re Search of 10 Cyr Circle, Andover, Mass. 01810, 916 F. Supp. 2d 159, 161 (D. Mass. 2013) (video considered lascivious where "[t]he camera recording the child is at ground level pointed at the child's genital area. The sequence is extended, and the camera continually zooms in on the child's genitals such that, at times, the whole camera frame is taken up with the genitals."); compare United States v. Scanzani, 392 F. Supp. 3d 210, 220 (D. Mass. 2019) ("[T]he images are zoomed in on the genitals so that they constitute the center or focus of the image."), with Amirault, 173 F.3d at 33 ("Although the girl's pubic area is on clear display, there is no close-up view of the groin, and the genitals are not featured in the center of the composition."). In one video, Minor 1's legs are widespread, and her gaze is trained directly on the camera. Cf. Amirault, 173 F.3d at 33 ("[H]er gaze is averted from the viewer, and, as we have stated, her legs are not widespread."). Additionally, the vast majority of the videos and photographs were taken in a bedroom, many of them on the bed itself, evoking sexual associations.[3] Cf. id. ("Nor is the photograph's setting sexually suggestive. The beach setting is a natural landscape that, unlike a bedroom or boudoir, does not evoke associations of sexual activity."); Scanzani, 392 F. Supp. 3d at 220 ("In addition, because '[t]he settings of the

---

[3] The two photographs of Minor 1 in the bathroom arguably pose a closer call. Although Minor 1 is nude in these photographs, her genitals are not central to the images, and the bathroom is perhaps a less suggestive setting than the bedroom. That said, a reasonable jury could have concluded that these photographs constituted sexually explicit conduct under the circumstances. See, e.g., United States v. Vallier, 711 F. App'x 786, 788 (6th Cir. 2018) ("Courts have repeatedly upheld convictions under § 2251(a) where the defendant, with lascivious intent, secretly videoed minors engaged in otherwise innocent activities such as undressing to change clothes or take a shower."). Moreover, per the parties' agreed upon unanimity instruction, the jury was only required to agree that one photograph or video violated Count III, and, per the analysis supra, a reasonable jury could have found that the sixteen bedroom photographs and/or two videos warranted a conviction.

photographs provide no ready explanation that makes the nudity indisputably innocent,' the Court has no difficulty in concluding that the images constitute child pornography as defined by the statute." (alteration in original) (quoting Frabizio, 459 F.3d at 86)).  Under these circumstances, a reasonable jury could (and indeed did) find that the images constitute a lascivious display of the genitals or pubic area and thus sexually explicit conduct.

### IV.  CONCLUSION

Accordingly, for the reasons explained above, Baxter's motion for judgment of acquittal, [ECF No. 137], is **DENIED**.

**SO ORDERED.**

November 19, 2024                                             /s/ Allison D. Burroughs
                                                              ALLISON D. BURROUGHS
                                                              U.S. DISTRICT JUDGE