UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>            v.                                        )    Criminal No. 23-CR-10001-ADB<br>)<br>PATRICK BAXTER,                       )<br>            Defendant.                       ) | |

**<u>UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE</u>**

The United States of America, by its attorney, Joshua S. Levy, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 2253, and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1. On August 1, 2024, a federal grand jury sitting in the District of Massachusetts returned a three-count Superseding Indictment charging defendant (the "Defendant") with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (Count One), Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) (Count Two), and Sexual Exploitation of Children, in violation of 18 U.S.C. §§ 2251(a) and (e) (Count Three).

2. The Superseding Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 2253, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of any offenses alleged in Counts One through Three of (i) any visual depiction described in sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Tile 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or

received in violation of Chapter 110 of Title 18; (ii) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and (iii) any property, real or personal, used to intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.   Such property specifically included, without limitation:

   (a) Samsung portable Solid State Drive, serial number SSTFNJ08826K; and

   (b) Apple MacBook, serial number FVFXT26EJK7G.

(collectively, the "Properties").

 3. The Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraph 2 above, pursuant to 18 U.S.C. § 2253(b), incorporating 21 U.S.C. § 853(p).

 4. On October 9, 2024, after a three-day jury trial, a jury found the Defendant guilty on Counts One through Three of the Superseding Indictment.   *See* Docket No. 131.

 5. The evidence at trial included the Properties themselves, as well as screenshots of the user profiles and account information, and both Properties' device histories and browser artifact.  *See* Docket No. 133.   The jury was shown short clips from a small sample of the more than 420 videos containing child pornography found on the Samsung portable Solid State Drive,

which contained a mirror image of what had once been on the Apple MacBook also found in the home.  *See* Docket No. 154.

6. Based on the evidence and testimony presented at trial, the facts laid out in the Government's Sentencing Memorandum, and the Defendant's convictions, the United States has established the requisite nexus between the Properties and the offenses of which the Defendant were convicted.   Accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253.

7. Pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

8. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Properties, and notice that any person, other than the Defendant, having or claiming a legal interest in the Properties must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

9. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Properties and any additional facts supporting the petitioner's claim and

the relief sought.

10. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Properties that are the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(c) retain jurisdiction for the purpose of enforcing the forfeiture; and

(d) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

JOSHUA S. LEVY
United States Attorney,

By: /s/ Alexandra W. Amrhein
ALEXANDRA W. AMRHEIN
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
alexandra.amrhein@usdoj.gov

Dated: January 7, 2025