UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>PATRICK BAXTER, )<br>           Defendant. ) | Criminal No. 23-CR-10001-ADB |

## PRELIMINARY ORDER OF FORFEITURE

**BURROUGHS, D.J.**

WHEREAS, on August 1, 2024, a federal grand jury sitting in the District of Massachusetts returned a three-count Superseding Indictment charging defendant (the "Defendant") with Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (Count One), Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) (Count Two), and Sexual Exploitation of Children, in violation of 18 U.S.C. §§ 2251(a) and (e) (Count Three);

WHEREAS, Superseding Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 2253, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of any offenses alleged in Counts One through Three of (i) any visual depiction described in sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Tile 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; (ii) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and (iii) any property,

real or personal, used to intended to be used to commit or to promote the commission of such offenses or any property traceable to such property. Such property specifically included, without limitation:

    (a)    Samsung portable Solid State Drive, serial number SSTFNJ08826K; and

    (b)    Apple MacBook, serial number FVFXT26EJK7G.

(collectively, the "Properties").

WHEREAS, Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraph 2 above, pursuant to 18 U.S.C. § 2253(b), incorporating 21 U.S.C. § 853(p);

WHEREAS, on October 9, 2024, after a three-day jury trial, a jury found the Defendant guilty on Counts One through Three of the Superseding Indictment;

WHEREAS, the evidence at trial included the Properties themselves, as well as screenshots of the user profiles and account information, and both Properties' device histories and browser artifact. *See* Docket No. 133. The jury was shown short clips from a small sample of the more than 420 videos containing child pornography found on the Samsung portable Solid State Drive, which contained a mirror image of what had once been on the Apple MacBook also found in the home. *See* Docket No. 154;

WHEREAS, based on the evidence and testimony presented at trial, the facts laid out in the Government's Sentencing Memorandum, and the Defendant's convictions, the United States has established the requisite nexus between the Properties and the offenses of which the Defendant were convicted.   Accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253; and

WHEREAS, pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.	The Court finds, based upon the Defendant's conviction, that the government has established the requisite nexus between the Properties and the offenses to which the Defendant has been found guilty.

2.	The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3.	Accordingly, all of Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 2253.

4.	Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

5.	Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253(b), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice

of the United States' intent to dispose of the Properties.

6. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253(b), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

7. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 18 U.S.C. § 2253(b), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 18 U.S.C. § 2253(b), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 2253 and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
**ALLISON D. BURROUGHS**
United States District Judge

Dated: _____