UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 1:23-cr-10001-001-ADB |
| PATRICK BAXTER, | ) ) | |
| Defendant, | ) ) | |
| *and* | ) ) | |
| METRO CREDIT UNION, | ) ) | |
| Garnishee. | ) ) | |

## **Government's Opposition to Defendant's Request for a Hearing (Doc. 179)**

Patrick Baxter (the "Defendant") has filed a *pro se* Request for a Hearing (Doc. 179) regarding the Writ of Garnishment issued against Metro Credit Union (the "Garnishee") (Doc. 175). In the request, the Defendant claims that the government did not comply with statutory requirements and that the property at issue is exempt from levy.

The Court should deny the request. *First,* the docket shows that the government complied with statutory requirements for garnishment, and the Defendant has not identified any error. *Second*, the Defendant has not supported his contention that the property at issue is exempt from levy under 26 U.S.C. § 6334(a)(8), which prevents the seizure of "salary, wages, or income" that is needed to comply with a child support order. Not only has he not provided a copy of a child support order or its docket number or shown that such an order existed before Judgment entered in his criminal case, but he also has not shown that the property at issue is money that is akin to salary, wages, or income received in exchange for services.

1ó

ó

**Legal Background**

Under the Mandatory Victims Restitution Act (the "MVRA"), the government has a duty to collect unpaid restitution. 18 U.S.C. §§ 3612, 3613. The Federal Debt Collection Procedure Act (the "FDCPA"), 28 U.S.C. § 3001, *et seq.*, provides enforcement remedies, which include the issuance of a garnishment, *see* 28 U.S.C. § 3205.

The statutory requirements for garnishment are set forth in 28 U.S.C. § 3205. In its application for a garnishment, the government must include certain information for the debtor, debt, and garnishee. *Id.* § 3205(b). "If the court determines that the requirements . . . are satisfied, the court shall issue an appropriate writ of garnishment." *Id.* § 3205(c). The government must serve the garnishee and the debtor with a copy of the writ of garnishment, instructions explaining the requirement that the garnishee must file an answer, and "instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections." *Id.* § 3205(d).

Certain property is exempt from garnishment. Of relevance here is Section 6334(a) of the Internal Revenue Code—which contains the following exemption:

> (8) Judgments for support of minor children. If the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of the salary, wages, or other income as necessary to comply with such judgment.

26 U.S.C. § 6334(a)(8).

Finally, "[b]y requesting, within 20 days after receiving the notice [required by the FDCPA], the court to hold a hearing, the judgment debtor may move to quash the order granting [a] remedy [issued under the FDCPA]." 28 U.S.C. § 3202(d).

**Factual and Procedural Background**

On January 8, 2025, the Court entered Judgment in a Criminal Case (the "Judgment") against the Defendant for charges of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5), Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), and Sexual Exploitation of Children, in violation of 18 U.S.C. §§ 2251(a) and (e). Doc. 159. The Judgment, among other things, ordered the Defendant to pay victim restitution in the amount of $17,800.00. *Id.* As of April 13, 2026, the Defendant's total balance was $18,083.90. *See* Doc. 173.

In February 2025, the government discovered the existence of a high yield savings account with the Garnishee held by the Defendant and his then-wife with a balance that exceeded the Judgment. That account first appeared in the Defendant's bank statements for June 2024:

| High Yield Savings - xxxxxxxx7251 | | | | |
|---|---|---|---|---|
| Date | Transaction Description | Withdrawal | Deposit | Balance |
| | BEGINNING BALANCE | | | $51,520.21 |
| Apr 30 | Credit Dividend | | 220.87 | 51,741.08 |
| May 31 | Credit Dividend | | 214.89 | 51,955.97 |
| Jun 28 | Credit Dividend | | 194.90 | 52,150.87 |
| | ENDING BALANCE | | | $52,150.87 |

PATRICK W BAXTER
VANESSA R BAXTER

Between June 2024 and February 2025, the following activity occurred in the account:

| Statement Date | Beginning Balance | Activity | Ending Balance |
|---|---|---|---|
| Jun. 29 – Jul. 31, 2024 | $52,150.87 | $230.56 (credit dividend) | $52,381.43 |
| Aug. 1 – 30, 2024 | $52,381.43 | $210.53 (credit dividend) | $52,591.96 |
| Sep. 1 – 30, 2024 | $52,591.96 | $207.00 (credit dividend) | $52,798.96 |
| Oct. 1 – 31, 2024 | $52,798.96 | $181.04 (credit dividend) | $52,980.00 |
| Nov. 1 – 29, 2024 | $52,980.00 | -$1200.00 (withdrawal) $158.37 (credit dividend) | $51,938.37 |
| Nov. 30 – Dec. 31, 2024 | $51,938.37 | $164.79 (credit dividend) | $52,103.16 |
| Jan. 1 – Jan. 31, 2025 | $52,103.16 | -$14,000 (withdrawal) $141.88 (credit dividend) | $38,245.04 |
| Feb. 1 – 28, 2025 | $38,245.04 | $101.07 (credit dividend) | $38,346.11 |

By letter dated March 26, 2025 (attached as Ex. 1), the government advised defense counsel that the Defendant appeared to have the means to pay the restitution in full, as the balance of the high yield savings account was less than half of the amount held in the joint bank account. The government did not receive a response to that letter.

In April 2026, the government learned that the account balance had decreased to $22,819.36 and that the following activity occurred between March 2025 and April 2026:

| Statement Date | Beginning Balance | Activity | Ending Balance |
|---|---|---|---|
| Mar. 1 – 31, 2025 | $38,346.11 | $109.14 (credit dividend) | $38,455.25 |
| Apr. 1 – 30, 2025 | $38,455.25 | $101.22 (credit dividend) | $38,556.47 |
| May 1 – 30, 2025 | $38,556.47 | -$5,000.00 (withdrawal) $94.65 (credit dividend) | $33,651.12 |
| Jul. 1 – 31, 2025[1] | $33,742.65 | -$2,000.00 (withdrawal) $87.57 (credit dividend) | $31,830.22 |
| Aug. 1 – 29, 2025 | $31,830.22 | -$1,100.00 (withdrawal) $78.87 (credit dividend) | $30,809.09 |
| Aug. 30 – Sep. 30, 2025 | $30,809.09 | -$2,000.00 (withdrawal) $82.47 (credit dividend) | $28,891.56 |
| Oct 1 – 31, 2025 | $28,891.56 | $78.58 (credit dividend) | $28,970.14 |
| Nov. 1 – 28, 2025 | $28,970.14 | -$1,100.00 (withdrawal) $82.47 (credit dividend) | $28,039.29 |
| Nov. 29 – Dec. 31, 2025 | $28,039.29 | -$2,000.00 (withdrawal) $76.98 (credit dividend) | $26,116.27 |
| Jan. 1 – 30, 2026 | $26,116.27 | $68.74 (credit dividend) | $26,185.01 |
| Jan. 31 – Feb. 28, 2026 | $26,185.01 | $64.33 (credit dividend) | $26,249.34 |
| Feb. 28, 2026- Apr. 3, 2026 | $26,249.34 | -$3,500.00 (withdrawal) $70.02 (credit dividend) | $22,819.36 |

As of April 3, 2026, the Garnishee's records showed the following:



Statement Summary

| Account Number | Type | Balance |
|---|---|---|
| | Membership Account | 5.00 |
| | My Reward Checking | 205.80 |
| | Secondary Savings | 0.98 |
| 7251 | High Yield Savings | 22,819.36 |

---

[1] The subpoena return did not include a June 2025 statement.

The government then applied for a Writ of Garnishment pursuant to 28 U.S.C. § 3205(b)(1) related to all property that it believed that the Garnishee possessed or controlled on behalf of the Defendant. *See* Doc. 173. The Court issued the writ, and the United States served the Defendant with all necessary documents, including a notice under 28 U.S.C. § 3202(b). *See* Doc. 175, Doc. 177. The Garnishee filed its Answer on or about April 20, 2026, in which it confirmed that it had custody, control, or possession of $18,083.90 in a savings account held by the Defendant and his ex-wife. *See* Doc. 178.

On May 4, 2026, the Court docketed the Defendant's request for a hearing. *See* Doc. 179. In the request, the Defendant asked for a hearing to determine whether the government complied with the statutory requirements and whether the property involved is exempt from enforcement of a criminal restitution or fine obligation under Federal law because it was related to a judgment for support of minor children under 26 U.S.C. § 6334(a)(8). *See id.* at 3.

### Argument

**The Court should not order a hearing because the Defendant
has not identified any procedural errors or applicable exemptions.**

The Court should deny the Defendant's request for a hearing. *First*, the Defendant has not identified the statutory requirements with which he believes the government did not comply. *Second,* he has not provided a copy of a child support order with which the property is needed to comply or its docket number. *Third*, the Defendant has not shown that the property at issue is "salary, wages, or income." Courts have denied hearing requests under similar circumstances. *E.g.*, *United States v. Clark*, 990 F.3d 404, 406, n.1 (5th Cir. 2021) (denying an evidentiary hearing

where the defendant did not demonstrate the "probable validity of his claim of exemption").[2]

Regarding the Defendant's claim of procedural error, the docket shows that the government complied with the statutory requirements, including the notice required by 28 U.S.C. § 3202(b). *See* Doc. 173-2. Indeed, the Defendant used the forms provided by the government to file his request for a hearing. *See* Doc. 179.

As for the claimed exemption, it does not apply in this case because: 1) the Defendant's child support order was entered in February 2026, more than a year after his restitution judgment; and 2) the property is not "salary, wages, or other income." Pursuant to 26 U.S.C. § 6334(a)(8):

> [i]f the [debtor] is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment" is exempt from levy.

The Defendant, who bears the burden of proving his entitlement to an exemption, *see* 28 U.S.C. § 3014(b), must show: 1) a child support order that was entered before the levy; and 2) the property at issue constitutes "salary, wages, or other income."   The Defendant cannot show either.

Publicly available court records show that, in Fall 2025, the Defendant and his ex-wife entered into a separation agreement (attached as Ex. 2) that earmarked the money in the savings account with the Garnishee for child support, and a court in February 2026 incorporated that

---

[2] *Accord United States v. Montijo,* No. 17-CR-0518, 2021 WL 2470507, at *4 (S.D.N.Y. May 19, 2021) (explaining that no hearing is required "where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation.") (citations omitted); *United States v. Beebe*, No. C18-78 TSZ, 2018 WL 571763, at *2 (W.D. Wash. Jan. 26, 2018) (same) (collecting cases); *see also United States v. Khater*, No. 1:19-cr-10290-RGS, Doc. 29 (D. Mass. Oct. 19, 2023) (denying request for hearing where the defendant "has made no showing of statutory noncompliance"); *cf. United States v. Miller,* No. CR DKC 17-0196, 2019 WL 1934749, at *2 (D. Md. May 1, 2019) (describing the defendant's objection as incomplete for failure to provide a copy of the support order).

agreement into their divorce order (attached as Ex. 3). Courts have held that the exemption under 26 U.S.C. § 6334(a)(8) does not apply if the child support order was entered after the restitution judgment. *E.g.*, *United States v. Koeln*, 729 F. Supp. 3d 900, 904 (E.D. Mo. 2024).[3]

Moreover, the Defendant has not shown that the property in that account is "salary, wages, or other income," and subpoenaed bank records indicate that it is not. As described above, such records show that the savings account at issue contained over $50,000 in April 2024 and received no deposits other than interest income between April 2024 and April 2026. At least one appellate court has characterized such property, which may have been considered income when first received by the accountholder, as "an asset but not income." *E.g.*, *Clark,* 990 F.3d at 408.[4] Relying on the principle of *ejusdem generis,* several courts have construed the words "other income" in the

---

[3] *Accord United States v. Odimegwu,* 2023 WL 5016163 at *4 (N.D.N.Y. Jun. 8, 2023) ("[T]he child support exemption does not apply because the objecting parties' finalized legal separation was executed after the criminal restitution judgment was entered."); *United States v. Wandell*, 2017 WL 6033047 at *2 (D. Colo. Oct. 13, 2017) (declining to apply Section 6334(a)(8) where "the decree of dissolution of marriage [was not] entered prior to the date of the restitution order"); *United States v. Corso*, No. 3:05-CR-00105 (JCH), 2016 WL 3349213 at *4 (D. Conn. Jun. 14, 2016) (concluding a restitution order had to be paid over a child support order where the "child support Order was obtained long after the Restitution Order entered"). *But see United States v. Jones*, No. CIV.A. 10-10178-04, 2013 WL 1151493, at *4 (D. Kan. Mar. 20, 2013) (interpreting the term "levy" in 26 U.S.C. § 6334(a) to refer to the garnishment order rather than to the restitution judgment).

[4] *Accord Woods v. Simpson*, 46 F.3d 21, 24 (6th Cir. 1995) ( holding that "other income" is limited to "items received by individuals for services   rendered, such as bonuses, tips, commissions, and fees"); *United States v. Anand*, No. CR 19-518-1, 2025 WL 3734016, at *4 (E.D. Pa. Dec. 26, 2025) (finding that defendant did not meet his burden of demonstrating that his retirement account is exempt under Section 6334(a)(8) because the account did not constitute "salary, wages, or other income"); *Koeln*, 729 F. Supp. 3d at 902 (finding "other income" means money akin to salary or wages); *United States v. Kimoto,* No. 07-CR-30089-MJR, 2016 WL 3031058, at *1 (S.D. Ill. May 27, 2016) (observing that "not all funds that might be used to pay child support are statutorily exempt from collection enforcement efforts").

statute to refer to income that is similar to salary or wages. *See Clark*, 990 F.3d at 408 ("Section 6334(a)(8) offers a textbook example of this *ejusdem generis* principle, indicating that we should read 'salary, wages, and other income' as 'salary, wages, and other [*similar*] income.'")[5] As one court observed in determining that accounts held in the name of an incarcerated defendant did not represent "salary, wages, other income" under 26 U.S.C. § 6334(a)(8):

> There is no showing that these funds are being received by [the defendant] on a weekly or other than weekly basis, or that he is receiving these funds for services rendered. Rather, the funds have apparently been on deposit for some time, and [the defendant] is not, and has not recently been, providing services for which a salary or wages would be earned.

*United States v. Rudi*, No. 1:07CR412-1, 2011 WL 13210255, at *2 (M.D.N.C. July 19, 2011), *report and recommendation adopted*, No. 1:07CR412-1, 2011 WL 13210257 (M.D.N.C. Oct. 17, 2011).

It bears noting that restitution in this case is owed to two victims who suffered harm because of the Defendant's crimes. The Court has sentenced the Defendant to 240 months of incarceration; therefore, he is unlikely to earn the money to pay the restitution judgment until after he is released. While the government is sympathetic to the plight of the Defendant's ex-spouse and two minor children, they are "not entitled to a priority distribution of funds to cover child support . . . under federal law." *Corso*, 2016 WL 3349213, at *2. As one court reasoned in concluding, over the objection of an ex-spouse and *the government*, that a child support order should not receive priority over a restitution judgment: "Congress has determined that restitution for victims

---

[5] *See also Woods*, 46 F.3d at 23 (explaining that "other income" should be "understood in light of the specific terms that surround it"); *cf. United States v. Wandell*, No. 10-CR-00312-REB, 2017 WL 6033047, at *3 (D. Colo. Oct. 13, 2017)( concluding that "retirement and pension benefits— which are not typically paid out in regular installments, and certainly not in this case—have been found not to constitute "other income" for purposes of section 6334(a)(8)).

of crimes is so important that the government may seek to enforce restitution orders against 'all property or rights to property of the person fined,' subject only to several enumerated and narrowly drawn exemptions." *Corso,* No. 3:05-CR-00105 (JCH), 2016 WL 3349213, at *5 (ordering the disbursement of the property in that matter to the defendant's victims) (citing 18 U.S.C. § 3613(a)). Because no such exemptions apply, the Court should not grant the hearing or quash the writ.

## Conclusion

For the reasons stated in this response, the government respectfully requests that the Court deny the Defendant's request for a hearing and motion to quash in this matter.

Respectfully submitted,

The United States of America

By its attorney,

Leah B. Foley
United States Attorney


/s/ *Annapurna Balakrishna*
Annapurna Balakrishna
Assistant United States Attorney
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3100

Certificate of Service

I certify that I caused a copy of this document to be served on all parties by filing it electronically and by mailing it to the parties who are not registered with PACER.

/s/ *Annapurna Balakrishna*
Annapurna Balakrishna
Assistant United States Attorney

9